The People of the State of New York ex rel. John Matias, for and on Behalf of Pablo Colon, Relator, against Thomas McDonnell, as Warden of New York City Penitentiary, Defendant.

Supreme Court, Special Term, Bronx County, April 18, 1951.

*Pablo Colon,* relator in person.

*George B. De Luca, District Attorney (John B. Lee* of counsel), for defendant.

Eder, J. Writ of habeas corpus sustained and inmate Pablo Colon, now imprisoned in the New York City Penitentiary, Riker's Island, is discharged from custody.

It appears from the record presented that at the time sentence was imposed upon him by the Court of Special Sessions on the conspiracy charge, which sentence was imposed on June 14, 1949, the said named inmate was imprisoned in said penitentiary upon conviction of the crime of petit larceny, under a sentence imposed by said court on March 31, 1948.

It is alleged, and appears to be undenied by respondent herein, that the jurisdiction of the Parole Commission on the petit larceny commitment expired on March 30, 1951, and it is the prisoner's contention that when imposing sentence upon him on the subsequent charge of conspiracy, on June 14, 1949, the court did not specify that the afore-mentioned sentences were to run consecutively, and that, as a matter of law, they run concurrently with any sentence the inmate is serving in the institution to which the subsequent sentence relates. The District Attorney is in accord with this position.

An examination of the minutes transcribed by the stenographer at the time of imposition of the sentence on June 14, 1949, discloses that the commitment was " to the New York City Penitentiary for a period of one year ". There was no statement that the sentence thus imposed was to run consecutively with the sentence then being served by the inmate on the petit larceny conviction.

Hence, both sentences run concurrently. The indorsement on the copy commitment is that the judgment is to run consecutively with the sentence being served. The validity of this indorsement, which appears to have been inserted sometime after sentence, is challenged; there is no explanation how it came to be inserted, and such insertion is in direct conflict with the stenographer's transcript.

The court accordingly finds that such insertion was an unauthorized act and has no legal effect or vitality.

The inmate Pablo Colon is now illegally detained and imprisoned under the sentence imposed on June 14, 1949, and is entitled to his immediate release.

Writ of habeas corpus sustained; prisoner discharged from custody. Settle order.