Charles J. Margett, J.
In this proceeding by writ of habeas corpus relator seeks his discharge from the Queens County House of Detention for Men.
On July 24, 1956, relator was arrested in New York City by agents of the Federal Bureau of Investigation and charged with violation of the National Motor Vehicle Theft Act (more popularly known as the Dyer Act; U. S. Code, tit. 18, § 2311 el seq.). He was arraigned before the United States Commissioner and released on bail. On October 22, 1956, relator was arrested in Queens County on charges of forgery and grand larceny. He was arraigned in the Queens Felony Court, and, after application to this court, released on bail on October 30, 1956. On November 10, 1956, relator was arrested for certain traffic violations and remanded to the Tombs in New York County, in lieu of bail.
On December 3, 1956, while still in the Tombs, relator was brought to the United States District Court, Eastern District of New York, and there consented to prosecution by information. He was remanded to the Warden of the Federal Detention Headquarters on West Street, New York. On December 14, 1956, relator pleaded guilty in the Federal court, and on January 11, 1957, was sentenced to two and one-half years on each of two counts, the sentences to run concurrently.
Prior to his plea of guilty in the Federal court, relator had been indicted by the Queens County Grand Jury on the charges of second degree forgery and first degree larceny and, on December 19, 1956, had been delivered to the custody of respondent on the Queens charges.
On January 16, 1957, relator was arraigned on the Queens County indictment. On February 13, 1957, he pleaded guilty *722 to attempted forgery in the third degree and petit larceny and, on March 15, 1957, was sentenced on the attempted forgery count to Sing Sing Prison for a period of not less than one | year and three months nor more than two years and six months, | the sentencing Judge being aware of the Federal sentence, 1 but not stating whether the State sentence was to run concurrently with or consecutively to it. Sentence on the petit I larceny count was suspended.
On March 20, 1957, relator was turned over to the Federal authorities to start serving his sentence. He received 69 days credit for the time he had spent in respondent’s custody from the day (Jan. 11, 1957) the Federal sentence was pronounced to the day (March 20, 1957) he was turned over to Federal authority. He also received 180 days off for good behavior. Relator was released from Federal Detention Headquarters in New York on January 9, 1959, and upon such release was picked up by the New York authorities.
In sum, as to the crucial dates, relator was arrested on the Federal offenses on July 24, 1956; convicted on December 14, 1956, and sentenced on January 11,1957. On the State offenses, relator was arrested on October 22,1956; convicted on February 13, 1957, and sentenced on March 15, 1957.
Belator contends (1) that the State sentence ran concurrently with the Federal sentence and (2) that he is entitled to his immediate release.
The court agrees with relator’s first contention. The sole statutory authority on the point is section 2190 of the Penal Law, which provides in pertinent part as follows:
“ 1. Where a person is convicted of two or more offenses before sentence has been pronounced upon him for either offense, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced.
“ 2. Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced.” (Emphasis supplied.)
That section is inapplicable here because, as to subdivision 1, sentence had been pronounced against relator on the Federal offenses before his conviction of the State offenses; and, as to subdivision 2, the State offenses were committed prior to the sentence on the Federal offenses, not ‘ ‘ afterward. ’ ’ Such being *723 the case, the common law controls (People v. Ingber, 248 N. Y. 302, 304-305).
Where the sentences involved are those of one court or of different courts in the same jurisdiction, the general rule seems to be that absent a controlling statute or direction to the contrary by the second sentencing judge the sentences run concurrently. (People ex rel. Gerbino v. Ashworth, 267 App. Div. 579; People ex rel. Matias [Colon] v. McDonnell, 200 Misc. 388; see People v. Ingber, supra, p. 305; People ex rel. De Santis v. Warden City Penitentiary, 176 Misc. 844, 845-846, affd. 262 App. Div. 1003; Ann. 57 A. L. R. 2d 1410.) Where, however, one sentence is a Federal sentence and the other a State sentence, a different rule seems to prevail in both the Federal and other State courts. (E.g., see Strewl v. McGrath, 191 F. 2d 347, 348, cert, denied 343 U. S. 906; Matter of Sichofsky, 201 Cal. 360; Ann. 18 A. L. R. 2d 511.) This State seems | never to have passed squarely upon the point, but indications are that it would make no distinction between sentences of the same or different jurisdictions. (See illustration in People v. Ingber, supra, p. 306.) Such being the case and since section 2190 of the Penal Law is inapplicable, this court is of the ! opinion that the Federal and State sentences ran concurrently.
Cases like People ex rel. Rainone v. Murphy (1NY 2d 367) and Matter of Perillo v. New York State Bd. of Parole (4 AD 2d 355, affd. 4 N Y 2d 1013) have no application here. Those cases dealt with the question of whether the running of a parolee’s sentence under a State conviction was interrupted while he served a sentence under a Federal conviction for a crime committed while on parole, the pivotal point being whether Federal or State jurisdiction first attached after the commission of the Federal offense.
Agreeing with relator’s first contention, however, that the Federal and State sentences ran concurrently, is not to agree with his second, i.e., that he is entitled to his immediate release. The State sentence of not less than one year, three months, nor more than two years, six months, was imposed upon him on March 15,1957. He received credit upon the State commitment for the 94 days he had spent in the custody of respondent prior to sentence, which means that the maximum term thereof will not expire until on or about June 12, 1959. It appears, therefore, that this application is premature. Whatever relator’s parole possibilities may be, his present detention is not illegal. (See People ex rel. Reynolds v. Martin, 3 N Y 2d 217, 223.) Accordingly, the writ is dismissed.
Settle order.