THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LONNIE POOLE, Appellant.

Fourth Department, December 12, 1968.

*Bruce K. Carpenter (Henrietta M. Wolfgang* of counsel), for appellant.

*Michael F. Dillon, District Attorney (Judith Blake Manzella* of counsel), for respondent.

WITMER, J.   On this appeal from a judgment convicting defendant upon a verdict of guilty as charged under Indictment No. 32608 — MM of March 30, 1966 accusing defendant of vio-

lating subdivision 1 of section 1751 of the former Penal Law by the sale of narcotics on October 21, 1965, we treat here only two of the points made by defendant in his brief and argument, to wit, (1) the failure of the court in its charge to instruct the jury that they could find the defendant guilty of *possession* of narcotics as a lesser included crime under the charge of *selling* narcotics, and (2) that the sentence was excessive and at least should be made to run concurrently with the sentence of defendant in his conviction of April 19, 1967 for a similar crime. All other contentions made by defendant are without merit. (See *People* v. *Hightower,* 29 A D 2d 843\*; *People* v. *Jones,* 29 A D 2d 844\*; *People* v. *Kuykendall,* 29 A D 2d 844\*; *People* v. *Gibson,* 29 A D 2d 843\*; *People* v. *Goldston,* 29 A D 2d 843\*.)

With respect to the argument that the court should have charged that the jury could have found defendant guilty of the lesser crime of possession of narcotics, the District Attorney contends that in this case the only evidence was of a sale and that hence such a charge by the court would have been inappropriate. As a practical matter, however, it seems that one engaged in selling narcotics directly to users, as in this case, would also have possession of the substance, and hence possession would be an included act and crime. In *People* v. *Malave* (21 N Y 2d 26, 28) the court said:

"In a case involving a contraband where possession alone is a crime; where possession with intent to sell is a crime; and where sale is still another crime, the normal procedure to be expected in compliance with section 445 is to submit all three to the jury where the charge is sale. This is required particularly where the Grand Jury has found a sufficient differentiation in the circumstances of purported sale to make specific additional and separate charges based on possession.

" This precise point was passed on in 1964 in *People* v. *Bodie* (22 A D 2d 978, opn. by Aulisi, J.) which held that ' defendant having been indicted for selling narcotics [former Penal Law, § 1751, subd. 1] the jury could have found him not guilty of that charge and guilty of possession of narcotics '. *This result was reached there, although possession was not separately charged in the indictment.*" (Emphasis added.)

The District Attorney argues that the instant case is to be differentiated from *Malave* (*supra*) because there the Grand Jury indicted for illegal possession as well as for the sale of narcotics. But as noted by the court in the emphasized sentence in the above quotation, in *People* v. *Bodie* possession was not separately charged in that indictment. It would have been

---

\* Affd. with opinion, 23 N Y 2d 618.

proper for the court in the case at bar to charge the lesser crime of possession.

In this case, however, as in defendant's conviction of April 19, 1967, defendant did not request the court to submit to the jury the lesser included crime of possession and did not except to the court's charge. This failure amounted to a waiver of the right to have such charge given; and we hold that the defendant cannot now complain of the charge (see *People* v. *Ross,* 21 N Y 2d 258).

The contention that the sentence is excessive has more merit. On March 30, 1966 defendant was indicted under two separate indictments for the violation of said statute prohibiting the sale of narcotics, one such offense occurring on October 21, 1965 and the other occurring two months later on December 21, 1965. The indictment for the later offense was tried first and defendant was convicted thereof on April 19, 1967 and sentenced as a second felony offender to 7½ to 12½ years in prison. The defendant took an appeal from that conviction (affd. 31 A. D 2d 89). Pending that appeal the District Attorney brought on for trial the indictment against defendant for the earlier alleged sale of October 21, 1965, which resulted in defendant's conviction thereof on October 19, 1967, for which defendant was again sentenced as a second felony offender, to 7½ to 10 years in prison. Defendant then asked the court if the latter sentence was to run concurrently with the previous sentence which he was serving, and the court replied, '' It is my opinion that I cannot impose a concurrent sentence, otherwise I would.'' The defendant said, '' Your Honor, if it is found that legally you could impose a concurrent sentence '', and the court interrupted to say, '' Then you will be back here.'' As part of his argument that the latter sentence is excessive, defendant contends that the court was in error, and that the sentence could legally be made to run concurrently and should be made so to run.

In addition to the comments of the court above quoted, at the time of such sentence the court indicated its agreement with argument of counsel that the indictment for the October 21st sale would have been dismissed except for defendant's appeal from his conviction for the December 21st sale, and that only because of that appeal was the indictment for the October 21st sale brought to trial. It is unexplained why the indictment of the defendant for said two sales was not made by one indictment containing two counts, and the same tried at one time. The manner in which the District Attorney proceeded, however, probably explains why, when the defendant was convicted for the October 21st sale, he was sentenced again as a second felony

offender, although he had been sentenced as such on April 19, 1967. Since the crime (Dec. 21, 1965) underlying the April conviction had not been committed at the time of the crime (Oct. 21, 1965) for which defendant was convicted on October 19, 1967, and the intent of the law providing for additional punishment for successive felony convictions being to give extra punishment for a *prior commission* of a felony or felonies, it was proper that the defendant be sentenced again on this occasion only as a second felony offender.

The question remains, was it within the court's discretion to impose a concurrent, rather than a consecutive sentence. Subdivision 4 of section 2190 of the former Penal Law provides as follows: " Where a person is convicted of two or more offenses constituting different crimes set forth in separate counts of one indictment or information, or in separate indictments or informations consolidated for the purposes of trial, the court may impose a separate sentence for each offense of which he is so convicted, and the court may order such sentences or any of them, if imprisonment is imposed, to be served concurrently or consecutively." Thus, had these two crimes been incorporated in one indictment or had both indictments been tried together, the court would have had discretion to impose concurrent sentences, as the trial court said it wished to do but could not.

Subdivision 1 of section 2190 of the former Penal Law provides as follows: " Where a person is convicted of two or more offenses before sentence has been pronounced upon him for either offense, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced." Apparently the trial court equated the conviction before him to the second of two convictions under said subdivision 1. In this the court was in error, because the defendant was not convicted of two or more offenses before sentence was pronounced upon him for either offense, and such subdivision does not apply to the facts of this case.

In *People* v. *Ingber* (248 N. Y. 302) Judge CARDOZO explained the reason for subdivision 1 of section 2190 of the Penal Law, to wit, that it was to avoid a sentence becoming concurrent by inadvertence of the sentencing Judge. He stated (p. 305): " We find no token of a purpose to curtail discretionary power in situations left uncovered ". (And, see, *People ex rel. Winelander* v. *Ruthazer*, 17 Misc 2d 720.)

We hold, therefore, that the trial court did have discretion to direct that ·defendant's sentence run concurrently with that imposed on him on his previous conviction of April 19, 1967; and, under subdivision 1 of section 543 of the Code of Criminal Procedure the sentence should be modified to provide that the sentence imposed run concurrently with that imposed in the conviction of April 19, 1967, and otherwise the judgment should be affirmed.

GOLDMAN, J. P., DEL VECCHIO, MARSH and HENRY, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein, and as so modified affirmed.