THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v. SAMUEL INGBER and LOUIS SIRAGUSA, Appellants,

Crimes — sentence — discretionary power of court to impose cumulative sentence not affected by section 2190 of Penal Law except as to cases covered thereby — on conviction for crime committed before another, for which defendants had already been convicted and sentenced, court may direct that sentence imposed commence at expiration of first sentence — exercise of common-law power as to form of sentence not precluded by section 22 of Penal Law.

1. Section 2190 of the Penal Law does not affect the form of sentence in fields uncovered by its mandate. The discretionary power of the court, therefore, to impose a cumulative sentence in other cases remains, undiminished, as it was at common law.

2. Where, therefore, defendants had been convicted of crime and sentenced to imprisonment, upon their subsequent conviction of another crime committed before the one for which they had been first sentenced, the court had power to make the second sentence cumulative rather than concurrent and direct that it commence at the expiration of the first.

3. An argument that section 22 of the Penal Law, provid'ng that no act or omission shall be deemed criminal or punishable except as prescribed by that or some other unrepealed statute of the State, excludes the exercise of common-law power cannot be upheld. The effect of that provision is merely to abolish common-law crimes and common-law pun'shments. A grant of power to sentence for a stated term without other limitation is to be read as a like grant of power would be read at common law. (*People ex rel. Meininger* v. *Breuer,*

304 Mo. 381; *Ex parte Sargood,* 86 Vt. 130, approved; *Ex parte Morton,* 132 Cal. 346; *Matt'r of Lamphere,* 61 Mich. 105, criticized.)

*People* v. *Ingber,* 222 App. Div. 804, affirmed.

(Argued May 7, 1928; decided May 29, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 27, 1928, which affirmed a judgment of the Court of General Sessions in the county of New York, rendered upon a verdict convicting the defendants of the crime of manslaughter in the first degree.

*John McKim Minton, Jr.,* for appellants. The judgment appealed from is illegal. (*Ex parte Morton,* 132 Cal. 326; *Ex parte McGuire,* 135 Cal. 339; *Matter of Mann,* 192 Cal. 393; *Ex parte Meyers,* 44 Mo. 279; *State* v. *Connell,* 49 Mo. 282; *Kennedy* v. *Howard,* 74 Ind. 87; *Dickerson* v. *Perkins,* 182 Iowa, 871; *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People* v. *Knapp,* 206 N. Y. 373; *Haggerty* v. *People,* 53 N. Y. 476.)

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *William B. Moore* of counsel), for respondent. The sentence is legal. (*Rex* v. *Wilkes,* 4 Burr, 2527; *Castro* v. *Reg.,* 6 App. Cas. 229; 14 Cox C. C. 546; *Blitz* v. *United States,* 153 U. S. 308; *Carter* v. *McClaughry,* 183 U. S. 365; *Ponzi* v. *Fessenden,* 258 U. S. 254; *State* v. *Mahaney,* 73 N. J. L. 53; 74 N. J. L. 849; *Williams* v. *State,* 18 Ohio St. 46; *Henderson* v. *James,* 52 Ohio St. 242.) Where two or more sentences are imposed at the same time, the terms of imprisonment under them are to run concurrently, unless the fact that they are cumulative and are to run consecutively is clearly and expressly stated in the sentence. (*Kirkman* v. *McClaughry,* 152 Fed. Rep. 255; 160 Fed. Rep. 436; *Zerbst* v. *Lyman,* 255 Fed. Rep. 609; *Ex parte Lamar,* 274 Fed. Rep. 160; *Fortson* v. *Elbert County,* 117 Ga. 149; *Dickerson* v. *Perkins,* 182 Iowa, 871; *Matter of Weisman,* 93 Kans. 161; *Matter of Breton,* 93 Me. 39; *Ex parte Gafford,* 25

Nev. 109; *Ex parte Black,* 162 N. C. 457; *Ex parte McDonald,* 178 Wis. 167.)

Cardozo, Ch. J.   On March 28, 1927, the defendants were convicted in the County Court of Queens county of the crime of robbery, committed February 25, 1927, and were sentenced to imprisonment for a term of years.

On June 14, 1927, they were convicted in the Court of General Sessions in New York county, upon their plea of guilty, of the crime of manslaughter in the first degree, committed February 6, 1927, and were sentenced to imprisonment for not less than ten nor more than twenty years, this sentence " to commence at the expiration of the sentence to State prison pronounced in Queens County Court by Judge Adel on March 28, 1927."

The question is whether there was power to make the second sentence cumulative rather than concurrent.

By Penal Law (§ 2190), " Where a person is convicted of two or more offenses, before sentence has been pronounced upon him for either offense, the imprisonment, to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced."

By the same section, " Where a person, under sentence for a felony, afterwards commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced."

Neither of these provisions controls the case at hand — not the first, for sentence had already been imposed for one of the offenses before conviction of the other; not the second, for the felony that is the subject of the later sentence was committed before the felony that is the subject of the earlier one.

We think the discretionary power of the court to

impose a cumulative sentence in cases not covered by the mandatory statute remains, undiminished, as it was at common law.

The statute prescribes an automatic rule in certain typical situations that seemed to call for special treatment. Almost invariably a prisoner brought up to be sentenced at the same time for two or more offenses is one who has been tried for the two offenses at the same term of court and before the same judge (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559, 575). Even before the statute, the common practice in such cases was to make the terms of imprisonment successive. Sometimes, however, the judge omitted through inadvertence to give that direction in the judgment (cf. *People ex rel. Meininger* v. *Breuer*, 304 Mo. 381, at p. 405). The presumption then was that the terms were meant to be concurrent (*Kirkman* v. *McClaughry*, 152 Fed. Rep. 255; *Zerbst* v. *Lyman*, 255 Fed. Rep. 609; *Dickerson* v. *Perkins*, 182 Ia. 871). The aim of the statute, which goes back to the Revised Statutes (2 R. S. 700, § 11), was to make the inadvertence unimportant by prescribing a rule of succession irrespective of the form of judgment. This is made clear by the revisers' notes, where they say of the section: " New in form; generally declared in the sentence; but as it *may* be omitted, it is deemed useful to provide for it *by law*." A like mandatory rule was thought to be desirable where a convict while imprisoned under a sentence for one felony was thereafter guilty of another. These cases have been singled out and subjected to a rule whereby discretion is excluded. The statute is not in any true sense a direction to the judge as to the form or contents of the sentence. It is a direction to the jailer as to the term of the imprisonment. Though the sentence be silent, the statute gives the rule.

We find no token of a purpose to curtail discretionary power in situations left uncovered. Cases have often

arisen and must often arise hereafter where a felon about to be sentenced in one court has been sentenced for another felony in the same court or another (*Rigor* v. *State,* 101 Md. 465; *Dickerson* v. *Perkins,* 182 Ia. 871; *Ponsi* v. *Fessenden,* 258 U. S. 254, 264). Authority is overwhelming that at common law there is discretionary power in such circumstances to postpone the execution of the second sentence to the execution of the first (*Blitz* v. *United States,* 153 U. S. 308; *Ponsi* v. *Fessenden,* 258 U. S. 254, 264, 265; *Rigor* v. *State,* 101 Md. 465; *Kite* v. *Comm.,* 11 Metc. 581; *State* v. *Mahaney,* 73 N. J. L. 53; 74 id. 849; *Henderson* v. *James,* 52 Ohio St. 242; *Russell* v. *Comm.,* 7 S. & R. [Pa.] 489). "Would it not be absurd, to make one imprisonment, a punishment for two offences? Nay the absurdity does not end there, for unless imprisonment for the last offence is to begin where the imprisonment for the first ends, it would be impossible, under our system, to punish the offender, in certain cases, for the last offence, at all" (TILGHAM, Ch. J., in *Russell* v. *Comm.,* *supra*). Take the case, for illustration, where one convicted in a Federal court and sentenced to confinement in a Federal prison, is tried in a State court, with the consent of the Federal government, for an offense against the local law (*Ponzi* v. *Fessenden,* *supra*). In such conditions the common-law rule permits a cumulative sentence (*Ponzi* v. *Fessenden,* *supra*). If the effect of the statute is to require the terms to be concurrent, the second sentence is an idle gesture. Service in a Federal prison will not expiate an offense against the dignity of the State. This is obviously so where the prisons are different. The result will not be varied if by accident the prisons are the same. Nothing short of obvious compulsion will lead us to a reading of the statute whereby the pains and penalties of crimes are shorn of all terrors more poignant than a form of words.

The argument is made that Penal Law section 22 excludes the exercise of common-law power, if it would

otherwise exist. " No act or omission begun after the beginning of the day on which this chapter takes effect as a law, shall be deemed criminal or punishable, except as prescribed or authorized by this chapter, or by some statute of this state not repealed by it " (Penal Law, § 22). The effect of that provision is merely to abolish common-law crimes and common-law punishments. The definition of the crime and the extent of the punishment must be sought for in the statute. This is made clear by Penal Law section 20 which provides: " This chapter [*i. e.* the Penal Law] specifies the classes of persons who are deemed capable of crimes, and liable to punishment therefor; defines the nature of the various crimes; and prescribes the kind and measure of punishment to be inflicted for each." It is one thing to say that the kind and measure of the punishment to be inflicted shall be governed by the statute. It is another thing to say that there shall be a rejection of common-law tests in determining the form of sentence whereby the mandate of the statute may best be put into effect. If Penal Law section 2190 had never been enacted, the question would remain, When the statute imposes the punishment of imprisonment for each of two crimes, are the terms of imprisonment to be successive or concurrent? The statute answers that question in some situations, and omits to answer it in others. The courts must fill the gap. A grant of power to sentence for a stated term without other limitation is to be read as a like grant of power would be read at common law (cf. *People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288).

Our holding that section 2190, Penal Law, does not affect the form of sentence in fields uncovered by its mandate, has support in carefully considered judgments in other jurisdictions. Such was the ruling of the Supreme Court of Missouri under a statute substantially the same as ours (*People ex rel. Meininger* v. *Breuer*, 304 Mo. 381), a ruling the more notable because it disapproved

an earlier judgment to the contrary (*Ex parte Meyers*, 44 Mo. 279). The same conclusion was reached in Vermont under a statute very similar (*Ex parte Sargood*, 86 Vt. 130). There are indeed contrary decisions by the courts of other States (See, *e. g.*, *Ex parte Morton*, 132 Cal. 346; *Matter of Lamphere*, 61 Mich. 105). They involve too narrow a reading of the limits of judicial power.

The defendants were lawfully sentenced, and the judgment should be affirmed.

POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; LEHMAN and KELLOGG, JJ., not sitting.

Judgment affirmed.