STATE *ex rel.* YORK *v.* RUSSELL, WARDEN.

(*Knoxville*, September Term, 1943.)

Opinion filed January 8, 1944.

516

R. L. Ogle, of Sevierville, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This is an appeal by writ of error from an order of dismissal of a petition for writ of *habeas corpus* in the Circuit Court of Knox County. In October 1935, in the Circuit Court of Carter County, petitioner was convicted of robbery and sentenced to punishment of not less than five nor more than ten years in the State penitentiary. In December 1938, after having served his minimum sentence less time off for good behavior, he was paroled. In November 1940, in the Criminal Court of Knox County, petitioner was convicted of petit larceny and sentenced to punishment of not less than one nor more than five years in the State penitentiary. At the time of the filing of the original petition herein on August 25, 1943, petitioner had served more than his minimum time under the two convictions, if the sentences thereon are construed to run concurrently.

The original petition was based on the action of the State in enforcing against the petitioner the following provisions of section 13, Chapter 276, Public Acts of 1937:

"Be it further enacted, That if any prisoner be convicted in this State of a felony committed while on parole from a State prison, he shall, in addition to the sentence which may be imposed for such felony, and before beginning to serve such sentence, be compelled to serve in State prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of

such maximum. If any prisoner while on parole from a State prison shall commit a crime under the laws of another state government or country which if committed within this State would be a felony, and if he shall be convicted of such crime, he shall upon being returned to this State be compelled to serve in State prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole until the expiration of such maximum."

The trial court approved the action of the State and dismissed the petition.

From this action the petitioner filed writ of error, and assigns (1) that the court erred in holding that the sentences ran cumulatively and (2) in holding that the above legislation passed in 1937 applied to a conviction had in 1935, since as to such conviction said legislation was *ex post facto*.

In support of his first assignment, petitioner cites the case of *Howe* v. *State ex rel. Pyne,* 170 Tenn., 571, 98 S. W. (2d), 93. The rule there laid down is expressly limited to a conviction had under section 11764 of the Code, and decides that where a person is convicted of two or more offenses on a trial under a single indictment, he shall be sentenced separately for each offense, and if the trial judge fails to exercise his discretion and direct specifically whether the sentences shall run concurrently or cumulatively, that they shall be construed to run concurrently. While in the instant case it is true that the judgment rendered against petitioner in Knox County in 1940, makes no such specific direction, we do not think that either section 11764 or *Howe* v. *State ex rel. Pyne, supra,* by which it was construed, have any application to the facts of the case before us. The petitioner was convicted of robbery in Carter County in 1935, and five

518

years later was convicted of larceny in Knox County. The offenses and the trials therefor were separate and unrelated. The rule laid down in *Howe* v. *State, supra,* has no application to such a situation and since it is the only authority cited by petitioner, the first assignment is overruled.

The assignment that the subjection of petitioner to the provisions of Chapter 276 of the Public Acts of 1937, is improper because the act was passed by the Legislature after his conviction in 1935, is equally without merit because the incidence of the legislative act is not upon the conviction of 1935, but upon the parole of 1938, when the legislation was in full force and effect. When petitioner accepted his parole in 1938, and he might have refused it, he accepted it under all the legislative conditions then in force, and he must be presumed to have known them. One of these conditions was that laid down by section 13, Chapter 276 of the Public Acts of 1937 (above quoted), and which provided that if petitioner should violate his parole by committing another felony, he should be required to serve the maximum sentence remaining on the offense for which he had been paroled, before commencing the service of the sentence for the second offense.

All assignments of error are overruled, and the judgment is affirmed.