THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY GERBINO, Appellant, against HARRY T. ASHWORTH, as Warden of the Workhouse of the City of New York, Respondent.

First Department, April 17, 1944.

*Joseph Aronstein* for appellant.

*Ferdinand J. Wolf* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

TOWNLEY, J. The petition alleges that the relator Anthony Gerbino is being illegally detained by reason of the fact that a commitment was issued by the clerk of the Third District, City Magistrate's Court, based upon an illegal sentence pronounced on the 7th day of March, 1944, by the City Magistrate, sitting as a Court of Special Sessions.

On March 2, 1944, the relator was convicted in the Court of Special Sessions of the City of New York on pleas of guilty of two charges of bookmaking and was sentenced to the workhouse for a term of thirty days on each, the sentences to run concurrently. Thereafter, pursuant to an order of the Supreme Court the prisoner was produced in Essex Market City Magistrate's Court, on March 7, 1944, as a " necessary witness " in a bookmaking case. In fact the relator was the defendant in said case. He was charged with another crime of bookmaking committed prior to his conviction on March 2, 1944.

At this trial on March 7th, the prisoner pleaded guilty to the crime of bookmaking. The Magistrate imposed a sentence which was indorsed on the back of the information as follows: " Thirty days in the Workhouse and $100. or thirty days."

At this time the relator was still in the custody of the officer of the Department of Correction pending disposition of the bookmaking case. On receiving the warrant of commitment which was in the same language as the indorsement on the information, this officer of the Department of Correction, one Noto, went to the Magistrate to have him indorse on the Supreme Court order under which the relator had been produced a notation to the effect that the relator had appeared in court pursuant to the Supreme Court order. The Magistrate indorsed on the Supreme Court order, among other things, the sentence which he had imposed, but added the words in italics, as follows: " Thirty days in the Workhouse and $100. or thirty days in the Workhouse, *said sentence to commence at completion of present Workhouse sentence imposed by Court of Special Sessions, Manhattan.*" The Magistrate also made a similar notation on both the information and the warrant of commitment.

When the court imposed the sentence in the presence of the defendant and his attorney, the court knew that the relator was confined in the workhouse under a sentence imposed by the Court of Special Sessions. At the time of the imposition of sentence there was no direction that the terms were to be consecutive. The law is well settled that a sentence pronounced must state that the terms are to be consecutive or the presumption is that the terms are to be concurrent. (*People* v. *Ingber,* 248 N. Y. 302.) There are statutory exceptions to this rule but they have no application to this case. Once a sentence is imposed and the service is begun, it cannot be changed. Here, the sentence was imposed and the relator was delivered to an officer of the Department of Correction. When the commitment was made the sentence began to run.

Section 471 of the Code of Criminal Procedure provides: " After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment be not arrested, or a new trial granted, the court must appoint a time for pronouncing judgment."

Here, the court had made a complete sentence and any attempt to impose a new or different sentence is void for failure to appoint a time for pronouncing judgment.

The order should be reversed, the writ sustained and the relator discharged.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, the writ sustained and the relator discharged from custody.