Charles A. Loreto, J.
Belabor has sued out a writ of habeas corpus. He has been sentenced upon conviction for 87 traffic infractions. The heaviest sentence was the imposition of a fine of $35 and three days in jail. All other sentences carried jail terms in the event fines were not paid.
Belabor claims that, since the court did not indicate that the jail sentences should run consecutively, they run concurrently; and having been imprisoned for three days, he has served all jail sentences imposed and therefore he is illegally detained.
Section 2190 of the Penal Law is cited by the People in opposition to the granting of the writ. Subdivision 1 thereof provides: “ Where a person is convicted of two or more offenses before sentence has been pronounced upon him for either offense, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first or other prior term or terms of imprisonment, to which he is sentenced. ’ ’
Although it may be said that that section speaks of crimes and here we are dealing with traffic infractions which are excepted from the definition of ‘ ‘ crime ’ ’ by section 2 of the statute, in the case of People v. Ingber (248 N. Y. 302, 304-305), the court stated: “We think the discretionary power of the court to impose a cumulative sentence in cases not covered by the mandatory statute remains, undiminished, as it was at common law.”
The Magistrate here pronounced each sentence in the alternative (fine or jail) and .separately. It is clear that he did not intend the satisfaction of the sentence imposed for one violation to be considered the fulfillment or discharge of the remaining 86 sentences. To hold otherwise, absent any controlling statute, would give an undeserved premium to a multiple traffic violator, who has evaded trial until brought into court and confronted with the aggregate violations for trial on one day. This truly would be a perversion of justice.
Writ is dismissed and relator remanded.