Froessel, J.
 

 On September 2, 1954, following his plea of guilty to the misdemeanor of attempted extortion allegedly committed on April 29,1953, respondent was sentenced by the Court
 
 *119
 
 of Special Sessions of the City of New York as a youthful offender to the Elmira Reception Center for an indefinite term.
 
 *
 

 Subsequently, on November 10, 1954, respondent was indicted for the crimes of attempted sodomy, robbery first degree, grand larceny first degree, and assault second degree (two counts), which acts were alleged to have been committed while on probation on August 12, 1954 — about 16 months after the commission of the misdemeanor for which respondent had already been convicted. Respondent was found guilty, after a jury trial, as indicted (except that, as to one count of assault, second degree, he was convicted of assault, third degree).
 

 On May 18,1955 he was sentenced to Elmira Reception Center under each count of the indictment for an indefinite term, the sentences
 
 “
 
 to run concurrently and not consecutively ”. The statement
 
 “
 
 concurrently and not consecutively” did not in anywise refer to the prior sentence imposed upon respondent by the Court of Special Sessions on September 2,1954. Indeed, when the court told defendant, after sentencing his codefendant, Brayne: ‘ ‘ and in your case also, the sentences are to run concurrently and not consecutively ’ ’, he was clearly talking about the sentences following the felony indictment (the only one involving Brayne), thereby announcing that both were to be sentenced alike. Respondent alleged — and it was not disputed — that, at the time of sentencing, the County Court “ had full knowledge of the fact that I was then under sentence by said Court of Special Sessions, and was serving the same ”.
 

 The maximum terms for which appellants could hold respondent pursuant to the sentences for an indefinite term were three years for the 1954 misdemeanor conviction, and five years for the 1955 felony and misdemeanor convictions (Correction Law, § 288; Penal Law, § 2184-a).
 

 Respondent was paroled and released from Elmira Reformatory on December 11, 1957. Thereafter, on September 26, 1959, he was recommitted by direction of appellants for allegedly absconding during the period April 4, 1959 to September 26, 1959. Following his recommitment, appellants computed the maximum expiration date of respondent’s term to be February 1, 1963. In arriving at this date, appellants regarded the two
 
 *120
 
 sentences (of September 2, 1954 and May 18, 1955) as “ consecutive ”, adding the maximum of the second to the maximum of the first.
 

 On'June 6,1960 respondent initiated this article 78 proceeding to secure a determination, that appellants erred in setting the maximum date of expiration at February 1, 1963, since the two sentences should properly run concurrently, and not consecutively; and to compel appellants to amend their records accordingly.
 

 Special Term, relying upon the decision of this court in
 
 People
 
 v.
 
 Ingber
 
 (248 N. Y. 302), as well as
 
 People ex rel. Winelander
 
 v.
 
 Denno
 
 (9 A D 2d 898) and
 
 People ex rel. Gerbino
 
 v.
 
 Ashworth
 
 (267 App. Div. 579), the latter cases purporting to follow
 
 Ingber,
 
 held that, upon failure of the May 18, 1955 sentence to state that the terms then imposed were consecutive to the earlier misdemeanor sentence, a presumption arose that the terms were to be concurrent. The Appellate Division unanimously affirmed without opinion;
 

 We. do not agree with the courts below. Bather, as appellants correctly contend, the
 
 11
 
 so-called presumption of concurrence ” is not applicable to sentences imposed at different times, in different courts, for completely unrelated crimes. Special Term’s- reliance upon
 
 People
 
 v.
 
 Ingber (supra)
 
 is misplaced. In that case, we did
 
 not
 
 hold that such a presumption of concurrence attached to sentences imposed at different times for wholly unrelated crimes which were committed on widely divergent dates. Our holding .was merely that, in cases not falling within, the scope of section 2190 of the Penal Law, the discretionary power of the court to impose a cumulative rather than a concurrent sentence “ remains, undiminished, as it was at common law ” (248 N. Y., at pp. 304-305). Chief Judge Cabdozo stated (p. 306) Nothing short of obvious compulsion will lead us to a reading of the statute whereby the pains and penalties of crimes are shorn of all terrors more poignant than a form of words.” The statement in
 
 Ingber
 
 to the effect that, where the Judge “ omitted through inadvertence ” to make the terms successive, the “ presumption then was that the terms were meant to be concurrent ” is quite inappropriate to the case at bar. It is clear from the context in which it was made that the court was there referring to cases in which a defendant “ sentenced at the same time for two or more offenses is one
 
 *121
 
 who has been tried for the two offenses at the same term of court and before the same judge ” (p. 305).
 

 The inapplicability of the
 
 Ingber
 
 case to the situation at bar is further made clear by our decision in
 
 People ex rel. Mello
 
 v.
 
 Warden
 
 (1 A D 2d 977, appeal dsmd. 1 N Y 2d 893). In that case, appellant was arrested while on parole from State prison, and was sentenced to the New York City Penitentiary for one year for another crime. After serving six months of that sentence he was released and returned to State prison to finish out his unexpired term. In seeking credit against the State prison term for the time served in the city penitentiary, appellant advanced the identical argument made by respondent, and adopted by the courts below, in the instant case. In fact, the same authorities were relied upon, i.e.,
 
 People
 
 v.
 
 Ingber (supra)
 
 and
 
 People ex rel. Gerbino
 
 v.
 
 Ashworth (supra).
 

 The Appellate Division unanimously affirmed an order dismissing a writ of habeas corpus, and we dismissed appellant’s appeal to this court on the ground that no constitutional question was directly involved. We thus in effect rejected the contention that a presumption of concurrence was applicable in the case of two unrelated crimes since, if appellant had been right in his claim, he was — as alleged in his petition—being unlawfully deprived of his liberty in violation of his constitutional rights. (See, also,
 
 People ex rel. Micieli
 
 v.
 
 Morhous,
 
 279 App. Div. 1120, motion for leave to appeal den. 304 N. Y. 989;
 
 Matter of Sperling
 
 v.
 
 Moran,
 
 277 App. Div. 778, motion for leave to appeal den. 301 N. Y. 816.)
 

 Appellants, in addition to challenging the decisions below on the merits, also maintained that habeas corpus, rather than an article 78 proceeding, is the proper remedy here to question the validity of respondent’s term of imprisonment. They rely principally upon the decision of this court in
 
 Matter of Hines
 
 v.
 
 State Bd. of Parole
 
 (293 N. Y. 254) as support for this contention. In
 
 Hines,
 
 however, we did not hold that article 78 was in no event applicable in such a case as this; we merely held that
 
 “
 
 so long as the Board violates no positive statutory requirement, its
 
 discretion
 
 is absolute and beyond review in the courts ” (293 N. Y., at p. 257; emphasis supplied). In the instant case, respondent did not seek review of a
 
 discretionary
 
 act of the board. He maintained that
 
 as a matter of law
 
 appellants
 
 *122
 
 erroneously computed his maximum expiration date, as manifested by Exhibit 6.
 

 We agree with Special Term’s holding that an article 78 proceeding was maintainable here. Respondent is merely seeking to compel the appellants — as part of their duty to keep a correct record of their proceedings under the provisions of sections 45 and 210-211 of the Correction Law—to make a proper entry reflecting the correct expiration date of his Queens County sentences, which date is determined as a matter of law and not of discretion. That date is vital to respondent, not only because it marks the longest time for deprivation of his liberty, but because it also affects his status in consideration of his possible parole. As Special Term aptly noted, were it held that respondent could only proceed by way of habeas corpus—a method not available to him until
 
 after
 
 he had served the time concededly due from him to the State—then, if he should ultimately prevail, he would have been illegally confined as a prisoner after his term had in fact expired during the time it took to obtain such a determination.
 

 Finally, we agree that the proceeding was properly instituted in Queens County—the
 
 “
 
 judicial district embracing the county * * * wherein it is alleged in the petition that the material facts otherwise took place” (Civ. Prac, Act, § 1287). Judge Shapiro found these material facts to be the two sentences imposed upon respondent in Queens County. In this he was correct, for the two sentences underlying the determination challenged are so closely interwoven with said determination as to constitute “ material facts ’’which
 
 “
 
 otherwise took place ” within the judicial district in which this proceeding was instituted
 
 (Matter of Zorach
 
 v.
 
 Clauson,
 
 275 App. Div. 774, affd. 300 N. Y. 613;
 
 Matter of Daley
 
 v.
 
 Board of Estimate of City of N. Y.,
 
 258 App. Div. 165).
 

 Since the courts below were in error in directing appellants to
 
 “
 
 correct ” their records to reflect that respondent has been, and is, serving the two terms of imprisonment concurrently, the order appealed from should be reversed and the petition dismissed.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur.
 

 Order reversed, etc.
 

 *
 

 We are told that the sentence was imposed following revocation of probation originally ordered on June 29, 1958.