SMOUSE *v.* PERINI, SUPT., MARION CORRECTIONAL INSTITUTION, ET AL.

(No. 68-503—Decided November 20, 1968.)

*Mr. Carl Earl Smouse, in propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* Relator alleges that he is entitled to have the unexpired portion of his original sentence for grand larceny run concurrently with his subsequent sentence for malicious entry. Relator argues that he became available for return to the penitentiary as of the date of his arrest for malicious entry, and that the unexpired portion of his sentence for grand larceny began to run at that moment. Such being the case, he would by now have served his maximum sentence and be entitled to his freedom.

Relator is basing his claim for relief upon certain language contained in Section 2967.15, Revised Code, viz:

"A convict who has been conditionally pardoned or a prisoner who has been paroled, who in the judgment of the adult parole authority, has violated the conditions of his pardon or parole shall be declared a violator. *In such case, the time from the date of the declared violation of his pardon or parole to the date he becomes available for return to the institution shall not be counted as a part of time or sentence served.*" (Emphasis added.)

The identical language upon which relator predicates his claim to relief has already been considered by this court in the case of *Bush* v. *Maxwell*, 175 Ohio St. 207. At the time the *Bush* case was decided the provision upon which relator relies was part of Section 2965.21, Revised Code— the predecessor statute to Section 2967.15, Revised Code.* We said, at pages 209 and 210 in the opinion:

"* * * Although Section 2965.21, Revised Code, provides in effect that a parole violator's sentence which had been interrupted by a declared parole violation commences to run again upon his arrest or return to the institution, the arrest referred to in this section refers only to his arrest as a parole violator and not an arrest for another and distinct offense. In other words, the arrest for another offense during the time one is at large as a declared parole violator does not, under the statute, constitute an arrest

---

*Former Section 2965.21, Revised Code, was repealed in the same bill in which Section 2967.15 was enacted. See 130 Ohio Laws, Pt. 2, 148, 154.

which will have the effect of recommencing the interrupted sentence from which one is on parole.

"A declared parole violator has the same status as an escaped prisoner, and neither his arrest nor incarceration for other offenses committed while he is on parole acts to recommence the running of his sentence which was interrupted by the declaration of violation of parole, nor is he entitled to credit for time served on his parole sentence for time served on sentences for other offenses committed while he is at large on parole. See *Anderson, Warden,* v. *Corall,* 263 U. S., 193; and 24B Corpus Juris Secundum, 673, Criminal Law, Section 1996(5)."

Accordingly, we find that relator's petition fails to state facts which constitute a cause of action upon which relief may be granted. Therefore, the demurrer of respondent is sustained and the writ is denied.

*Writ denied.*

TAFT, C. J. ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.