[The State, ex rel.] Young, *v.* Ohio Adult Parole Authority.

[Cite as State, ex rel. Young, v. Parole Authority (1970), 24 Ohio St. 2d 67.]

(No. 70-362—Decided October 21, 1970.)

*Mr. Allen Young, in propria persona.*

*Mr. Paul W. Brown,* attorney general, and *Mr. James L. Hoover,* for respondent.

*Per Curiam.* This is an action in mandamus originating in this court.

Relator, an inmate of the London Correctional Institution, seeks to compel the respondent, Ohio Adult Parole Authority, to credit to him the time, which he served between 1961 and 1964 on a 1960 conviction for larceny, on his 1954 sentence of one-to-fifteen years for attempted burglary.

In 1954, relator was convicted of attempted burglary and sentenced to a term of one-to-fifteen years. In June 1959, he was paroled. While on parole he was convicted of larceny and sentenced to a term of one to seven years. In January 1960, as a result of this conviction, he was declared a parole violator as to his 1954 conviction. Relator was reparoled in February 1964 as to both convictions and returned to the penitentiary in August 1964 as a parole violator.

The parole board has treated the time served on the 1960 sentence until he was reparoled on both sentences as lost time in relation to his 1954 conviction, thus extending his release date on his 1954 conviction from 1969 to 1973.

Relator contends that he has now served both maximum sentences. He relies primarily on *State, ex rel. Moon,* v. *Adult Parole Authority* (1970), 22 Ohio St. 2d 29.

In the *Moon* case, it was held that a parole violator who was held in jail pending disposition of other charges and who could have been returned to the penitentiary during that time was available for return under R. C. 2967.15 and is thus entitled to have such time credited to his original sentence. However, *Moon* does not apply to cases where the accused is being held on another charge in the institution from which he was paroled. The *Moon* case states:

"When no action by the state is necessary to locate or take into custody a parole violator, *other than one who is incarcerated on another charge in the institution from which he was paroled,* he is 'available for return' within the meaning of R. C. 2967.15." (Emphasis added.)

See, also, *Smouse* v. *Perini* (1968), 16 Ohio St. 2d 13.

Where one on parole commits another crime and as a result thereof his parole is revoked, the time that he serves on his second conviction is not credited to his original sentence unless the trial court in imposing such sentence provides that the two sentences shall run concurrently. In other words, such sentences run consecutively. *Jordan* v. *Maxwell* (1965), 1 Ohio St. 2d 76.

As respondent points out, concurrent sentences require a positive act of the court, and unless otherwise specified separate sentences for different crimes run consecutively. *Sager* v. *Haskins* (1965), 1 Ohio St. 2d 88. In the instant case, relator's 1960 sentence was not made to run concurrently with his 1954 sentence.

The writ of mandamus is denied.

*Writ denied.*

O'Neill, C. J., Schneider, Herbert, Duncan, Corrigan, Stern and Leach, JJ., concur.