**Donald R. LOPER, Petitioner,**

v.

**Duane SHILLINGER, Warden of the Wyoming State Penitentiary and Joseph B. Meyer, Attorney General of the State of Wyoming, Respondents.**

No. 88–59.

Supreme Court of Wyoming.

April 25, 1989.

Leonard D. Munker, State Public Defender, for petitioner.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Asst. Atty. Gen., and Paul S. Rehurek, Asst. Atty. Gen. (argued) for respondents.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

This matter is before us on a writ of certiorari. The issue presented is whether a sentence, legally imposed on a defendant for crimes committed while on parole, is presumed to run concurrently with the remainder of the original sentence reinstated by parole revocation. We answer this question in the negative.

Petitioner Donald Loper was on parole from the Wyoming State Penitentiary when he committed a number of burglaries. He was arrested and charged with four counts of burglary. Pursuant to a plea bargain agreement, he pled guilty to all four counts and received sentences of five to ten years on each count, with all four sentences to run concurrently. After his return to the penitentiary, the Board of Parole revoked his parole, and informed Loper that he would begin to serve his new sentences when his original sentence was completed.

Petitioner does not contest the legality of his sentences for the burglary counts, nor does he contest the legality of his parole revocation. The essence of his argument is that in the absence of any express statement to the contrary in the court's last judgment and sentence, his last sentence should be presumed to run concurrently with the remainder of his original sentence. He asks that we adopt a judicial presumption to the effect that a sentence which is silent concerning the effect of parole revocation be presumed to run concurrent with a reinstated sentence.

We decline to adopt the presumption advanced by petitioner. The sentencing judge has discretion to determine whether sentences shall be served consecutively or concurrently. *Eaton v. State*, 660 P.2d 803 (Wyo.1983). Here, the sentencing judge was aware that petitioner was on parole at the time he was sentenced. Petitioner was advised that his guilty plea could result in revocation of parole. The judge did not specify that the four concurrent sentences would run concurrently with the remainder of his original sentence in the event that parole was revoked.

To presume concurrency in this situation ignores the logic of the United States Supreme Court as articulated in *Zerbst v. Kidwell*, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808 (1938):

"Parole is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency— under guidance and control of the [parole] Board. Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offense committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified." 304 U.S. at 363, 58 S.Ct. at 874.

We see no reason to adopt a presumption which would have the effect of rewarding one who uses release on parole as an opportunity to commit further crimes.

No error.

URBIGKIT, Justice, dissenting.

I respectfully dissent. The issue presented does not involve the discretion of the trial court to make sentences either consecutive or concurrent; *what is presented is the effect of nondesignation.*

The rules of criminal law have been clear for many more years than the time that present jurists of this court have been engaged in this activity. Generally, by majority rule, a presumption exists for sentences to be concurrent unless specifically defined to be consecutive. I reject a thesis that we, as the appellate court, should now make the sentencing decision by opining that rationally the trial court should have wanted these sentences to be consecutive even though the designation was not made or compatible intent is not expressed in written sentence or mittimus. Here, even though I might believe that appellant Donald R. Loper (Loper) is not ill-served by consecutive sentences when committing burglaries during parole release, it is concluded that the trial court should have made that determination and included the

decision in written document as expressly stated to authenticate the option selected.[1]

Prosecutors in draftsmanship and proofreading in preparation of judgments have a justified obligation to refute any later claimed omission of the judge in execution of the order which omitted such a critical factor as whether duplicate sentences are to be served consecutively or concurrently. The duty of specificity is particularly impressed since there is the constitutional fairness and due process concern within which a liberty interest is enfolded.[2]

Even if today in post-entry cogitation we prefer that this particular sentence should have been stated to be consecutive, it was not and should not now be reconstructed to write our view of appropriateness by abandonment of the long-standing presumption of concurrence and retreat from the principle of lenity. I respectfully dissent from appellate court rewriting of what the prosecutor did not effectively compose or the trial court did not otherwise edit.

As a question of intent to make the sentences consecutive, which decision failed by non-inclusion in the order and sentence, this record is obtuse as usual. In original plea, Loper was asked about the plea bargain and sentence by the trial court and then inquired, "That is a five to ten *concurrent*, I take it; is that correct? [Prosecuting Attorney] That's correct, Your Honor." [Emphasis added.]

Likewise at sentencing, the trial court stated:

Credit will be given to this defendant off the maximum sentence for time served. The sentences, to make the order clear, Mr. Howard, and I trust you will take care of preparing this order, are four sentences of five to ten years each to run concurrently.

Nothing was said about the sentences running consecutive to any term of probation revocation which would remain to be served. Consequently, the concurrent nature of the sentence and plea bargain was twice stated to Loper and it was never indicated by question, comment or other detail that the sentence would turn out to be consecutive to the then pending sentence for which he had been placed on parole. The rule of lenity surely has appropriate application here. *Brock v. Sullivan*, 105 N.M. 412, 733 P.2d 860 (1987). Also, I would follow the legalism and moralism stated by the United States Supreme Court in *United States v. Daugherty*, 269 U.S. 360, 363–64, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926), where that court stated:

Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. \* \* \*

\* \* \* \* \* \*

This and similar unfortunate causes should admonish the trial courts to require the use of meticulously precise language in all judgment entries. Especial care is essential where sentences for crime are imposed.

1. In January 1980, Loper had received a sentence of four to eight years for auto burglary and then in March 1982 an additional sentence for escape of three to six years to begin January 10, 1985. Released on parole April 3, 1986, he had then served about fifteen months on the three to six year escape sentence. The present sentence for the four new February 1987 charges is concurrent sentences on each of five to ten years. Following entry of the current sentence, his parole was revoked on the earlier escape charge and sentence. At issue then is the process whereby his credit for incarceration will first be applied to the revoked parole to total the remaining approximate twenty-one months to fifty-seven months and then he will commence service of time for the more recent conviction. The trial court was aware of his parole violation status when the last sentence was given which included the near certainty that he would be revoked on earlier sentence by virtue of the criminal conduct committed during parole. The sentencing judge could have ran the current sentence either concurrent or consecutive to any remaining confinement from the revoked parole. Unfortunately, the sentence stated neither option. Under Wyoming indeterminate sentencing, many other choices also existed, including a minimum of six years and nine months on the current offense as concurrent to time to be served for revoked parole.

2. Defense counsel cannot escape responsibility completely by neglect to ask the clarifying question while the accused is still present in the courtroom. Accuracy has many authors.

The sentence was entered on February 27, 1987, and thereafter on April 2, 1987, Loper was called to appear before the parole board and his parole was revoked effective April 6, 1987, requiring his incarceration for time when he had been released from confinement. An administrative decision then followed to require him to first serve revoked parole time before commencing to serve the sentences entered by the order of February 27, 1987.

As presented by these facts, I cannot follow the conclusions of the majority in this case nor find authority cited by the State to be persuasive. All of these cases cited can be easily distinguished because anchored in express state statutes or derived from a long-standing state history as within the minority rule that sentences are presumed to be consecutive unless expressly stated to be concurrent.

> In many jurisdictions there exists a statutory presumption that any multiple sentences imposed by the court will run concurrently, either when such sentences are imposed simultaneously or where a sentence or sentences are imposed upon an offender who is already serving a prior sentence. Moreover, where there is no such statutory presumption and the record of the sentencing court is silent or ambiguous regarding the matter, most jurisdictions employ a *judicial* presumption that the sentences are to be served concurrently. The practical effect of either this statutory or judicial presumption is similar to that of the so-called "rule of lenity" discussed earlier in the context of determining whether multiple violations will be regarded as separate offenses.

A. Campbell, Law of Sentencing § 76 at 249–50 (1978) (emphasis in original and footnotes omitted).

This concept and sentencing criteria has recently been addressed in detail by the Tenth Circuit Court of Appeals in *United States v. Earley*, 816 F.2d 1428, 1429 (10th Cir.1987), as a rehearing en banc, where the issue was stated:

The only issue in this appeal is whether a federal district judge who failed to state whether sentences he imposed were consecutive to or concurrent with a preexisting federal sentence may order, five months later and after the defendant was imprisoned, that the sentences were to be consecutive. The district judge described his later order as a "clarification ... to eliminate any ambiguity as to the Court's intention."

As here, the case involved crimes committed while the defendant was on parole and whether the new offense sentences would be consecutive to incarceration time for parole revocation. No designation was provided and the new offense sentences had been plea bargained. That court recognized:

> The federal courts have adopted a presumption that federal sentences imposed at different times run concurrently, absent an express statement to the contrary. Our circuit recognized the presumption of concurrent sentences in *Subas v. Hudspeth*, 122 F.2d 85 (10th Cir. 1941), in which we stated: "Absent clear language to the contrary, it is presumed that sentences imposed on more than one offense at the same time, or at different times, will run concurrently."

Id. at 1431.

The federal court then noted that Congress in 1987 had changed the rule by statutory enactment that sentences ran consecutively if imposed at different times but kept the concurrence rule for multiple sentences imposed at the same time. That tribunal then applied the rule of concurrence which was in effect at time of sentencing, in the absence of "some objective evidence demonstrating that the defendant was aware of the court's intent at sentencing." Id. at 1432 n. 4. Consequently, the new offense sentence ran concurrently with the revoked parole confinement which appellate decision reversed the clarification ordered by the district court fives months after the initial sentence had been vacated.[3]

**3.** In another case decided at the same time, the Tenth Circuit Court of Appeals also determined

that the oral pronouncement when unambiguous and clearly shown in the record would

This similar question was considered also in the recent case of *State v. Rau*, 129 N.H. 126, 523 A.2d 98 (1987) with resulting holding that the presumption of concurrence required that the probation term and subsequent offense term in absence of controlling statement of intent would run at the same time.

"Where a sentencing order is silent on when the probationary term commences, there is a strong presumption that the term starts on the date sentence is imposed and runs concurrently with any period of imprisonment imposed on any remaining count or counts.[3]

---

[3] If a sentencing court does not intend this result, then the probationary sentence should state explicitly and precisely when probation is to commence."

Id. 523 A.2d at 101 (quoting *United States v. Adair*, 681 F.2d 1150, 1151 (9th Cir. 1982)).

That case was different in that probation revocation was attempted after the subsequent offense jail-time sentence had been fully served. Right to amend the original sentencing order did not continue. *United States v. Rodriguez*, 682 F.2d 827 (9th Cir. 1982); *Adair*, 681 F.2d at 1151. See also the principle that probation and incarceration can be served at the same time. *Burns v. United States*, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932).

The rules relating to concurrent sentences should not be confused with the cases where nothing is done about the parole revocation until after the service of confinement for the later criminal sentences has been completed. *Zerbst v. Kidwell*, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938). These line of cases do not raise the concurrent sentence inquiry since "service of the original sentence was interrupted by parole violation, the full term of *that* sentence has not been completed." *Zerbst*, 304 U.S. at 362, 58 S.Ct. at 873 (emphasis in original). See also *Hunley v.* control over a conflicting judgment and commitment order as the subject of whether the sentences were concurrent or consecutive.

*Hollowell*, 199 N.W. 163 (Iowa 1924) and *Com. v. Polsgrove*, 231 Ky. 750, 22 S.W.2d 126 (1929).

Likewise not presented here as valid authority are cases from states with a dispositive statute or a long-standing consecutive sentence thesis for separate offenses as established state policy. *State ex rel. Young v. Ohio Adult Parole Authority*, 24 Ohio St.2d 67, 263 N.E.2d 399 (1970). In these states constituting the rather defined minority, an express statement is required to make sentences concurrent. That adaptation is contrary to the normal or majority rule that express statement is required to make sentences consecutive. See likewise, *King v. Maxwell*, 173 Ohio St. 536, 184 N.E.2d 380, cert. denied 371 U.S. 869, 83 S.Ct. 133, 9 L.Ed.2d 106 (1962). Nebraska also follows the minority rule, *Harpster v. Benson*, 216 Neb. 776, 345 N.W.2d 335 (1984). Delaware has a controlling statute, *Semick v. Department of Corrections*, 477 A.2d 707 (Del.Supr.1984), as does West Virginia, *Adams v. Circuit Court of Randolph County*, 317 S.E.2d 808 (W.Va.1984) and Tennessee, *State ex rel. York v. Russell*, 180 Tenn. 515, 176 S.W.2d 820 (1944). New York follows a modified concurrence concept only, *Browne v. New York State Bd. of Parole*, 10 N.Y.2d 116, 218 N.Y.S.2d 33, 176 N.E.2d 492 (1961).

Wyoming has no concurrence or consecutive presumption statute and no prior history of adopting the minority rule. The basic thesis which I follow is that the trial court should make clear what the sentence entered is and, in failure to do so, the historical rule of lenity should be applied. Obviously, the benefit of all parties is served by explicit decision and written authentication. In the absence of that defined intent as inscribed in judgment and commitment, I would follow

the general rule that two or more sentences to the same place of confinement run concurrently, in the absence of spe-

*United States v. Villano*, 816 F.2d 1448 (10th Cir.1987).

cific provisions in the judgment to the contrary, and where defendant is already serving a former sentence, and a second sentence does not state that the time is to commence at the expiration of the former, the sentences will run concurrently, in the absence of a statute providing for a different rule.

Annotation, *Sentences by Different Court as Concurrent*, 57 A.L.R.2d 1410, 1418 (1958).

I would reverse.