# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 29, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

DONNIE FRANKLIN WHEELER,  )
  )
     Petitioner/Appellant,  )    Appeal No.
  )    M1999-00569-COA-R3-CV
VS.  )
  )    Davidson Chancery
TENNESSEE DEPARTMENT  )    No. 96-2001-II
OF CORRECTION,  )
  )
     Respondent/Appellee.  )

## APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### THE HONORABLE CAROL L. McCOY, CHANCELLOR

MICHAEL J. PASSINO
213 Fifth Avenue, North
Nashville, Tennessee 37219
    Attorney for Petitioner/Appellant

PAUL G. SUMMERS
Attorney General & Reporter

JOHN R. MILES
c/o Attorney General & Reporter
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
    Attorney for Respondent/Appellee

## AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

**O P I N I O N**

A prisoner sentenced to life imprisonment for armed robbery escaped from custody and subsequently committed two felonies. After he was recaptured, the Department of Correction declared that he would have to serve the remainder of his life sentence without parole, in accordance with the provisions of Tenn. Code. Ann. § 40-28-123(b). The prisoner filed a petition for a declaratory judgment, arguing among other things that the application of the statute to his sentence was a violation of the ex-post facto prohibition. The trial court dismissed the petition. We affirm.

**I.**

On August 31, 1973, Donnie Wheeler was convicted of armed robbery by a Marion County jury, and received a life sentence. On October 29, 1973, he was convicted of another armed robbery, and sentenced to ten years, to be served concurrently with the life sentence. The prisoner was housed first at the Tennessee State Penitentiary in Nashville, and than at Brushy Mountain State Prison in East Tennessee. Under the law in effect at the time, he would have become eligible for parole after serving thirteen years and six months on his life sentence.

On April 5, 1978, the governor signed into law Public Chapter 794, now codified as Tenn. Code. Ann. § 40-28-123(b)(1) and (b)(2). The act provided that any inmate convicted of a felony committed while participating in

a program of supervised release into the community would have to serve the remainder of his term without benefit of parole eligibility.

Pursuant to an Institutional Pass Program, Mr. Wheeler was allowed to attend a Harlem Globetrotters game in Knoxville on November 8, 1978, accompanied by a prison employee. He used this opportunity to escape from custody. Shortly thereafter, he was arrested in Washington County, and charged with two new felonies. While awaiting trial on December 3, 1980, he escaped from the Washington County Jail.

During this period of escape, Mr. Wheeler left the state and committed two armed robberies in Cleveland, Ohio, for which he was sentenced to over ten years in that state's prisons. In 1981, the prisoner was brought to Tennessee under the Interstate Agreement on Detainers to stand trial on the two Washington County felonies, and for escape and attempted escape.

A jury found him guilty of armed robbery and assault with attempt to commit murder, for which he received sentences of ten years and two to five years respectively. He pleaded guilty to escape and attempted escape, and was sentenced to one year for each of those offenses. All the sentences were ordered to be served consecutively to each other, and to all other sentences previously imposed. Mr. Wheeler was then returned to Ohio to complete his sentences there.

On July 12, 1990, Mr. Wheeler was paroled from his Ohio sentences, and returned to this state to serve out his Tennessee sentences. The records of the Department of Correction were updated to reflect that he would henceforth have no parole eligibility date because of the operation of Tenn. Code. Ann. § 40-28-123(b)(1) on his felony convictions.

On April 15, 1996, the prisoner filed a petition for a declaratory order with the Department of Correction, asking that his parole eligibility date be reinstated. The Department did not respond to the petition, and on July 1, 1996, Mr. Wheeler filed a petition for declaratory judgment in the Chancery Court of Davidson County. *See* Tenn. Code. Ann. § 4-5-223.

The State filed a motion for summary judgment on the petition. On March 19, 1998, the trial court denied the State's motion, holding that the application of the 1978 law to petitioner's 1973 sentence was a violation of the ex post facto prohibition. An evidentiary hearing was conducted on February 16, 1999, during which Mr. Wheeler appeared and was questioned on direct and cross-examination. On March 19, 1999 the trial court dismissed the petition. This appeal followed.

## II. The Applicability of Tenn. Code. Ann. § 40-28-123

Mr. Wheeler argues on appeal that Tenn. Code. Ann. § 40-28-123(b) does not apply to him for two reasons. First, because he was not assigned to any program that meets the definition found in part (1) of that statute, and second,

because he had a vested right to serve his life sentence under the conditions in effect at the time he was sentenced. We will discuss both of these arguments in turn.

We must first examine the language of Tenn. Code. Ann. § 40-28-123(b), which reads as follows:

> (b)(1) Any prisoner who is convicted in this state of any felony except escape, and where the felony is committed while such prisoner is assigned to any work release, educational release, restitution release or other program whereby the prisoner enjoys the privilege of supervised release into the community, including, but not limited to, participation in any programs authorized by § 41-21-208 or § 41-21-227, the prisoner shall serve the remainder of the term without benefit of parole eligibility or further participation in any such programs. The board shall have the authority to penalize or punish prisoners who escape from any of the above programs in accordance with board policy.
>
> (2) As a prerequisite to any inmate's placement in such a program, the board shall read and provide the inmate with a copy of subdivision (b)(1). Such inmate shall then give written acknowledgement of receipt of such copy and shall signify comprehension of the provisions contained in it. A permanent file of such acknowledgements shall be maintained by the board.

Mr. Wheeler argues that his trip to Knoxville was not part of a program whereby he "enjoy[ed] the privilege of supervised release into the community." He first contends that since Tenn. Code. Ann. § 40-28-123(b)(1) is a penal statute, it must therefore be construed strictly against the State. He then notes that he was not in work release, educational release, restitution release, or any programs authorized by Tenn. Code. Ann. §§ 41-21-208 or 41-21-227. He argues that he was merely out of prison for a single day, pursuant

to a short-lived institutional experiment. Thus, he claims, his subsequent felonies were not committed under the circumstances that would require deprivation of parole eligibility under Tenn. Code. Ann. § 40-28-123(b)(1).

We note, however, that the statute clearly states that it is not limited to the types of programs it names specifically, but also applies to any program "whereby the prisoner enjoys the privilege of supervised release into the community." We believe there can be no doubt that by leaving prison for a basketball game in the company of a departmental employee, Mr. Wheeler was enjoying the privilege of supervised release into the community.

Mr. Wheeler cites to us the case of *Johnson v. State,* App. No. 01-A-01-9312-CH00535 (Tenn. Ct. App. , April 12, 1995, at Nashville). In that case this court reversed the Department of Correction's application of Tenn. Code. Ann. § 40-28-123(b)(1) to an inmate who had committed felonies while on escape, because we found he had not been a participant in any of the programs identified in the statute.

Mr. Johnson had been a trusty at the Nashville Community Service Center, a minimum security facility housing inmates who were eligible for programs allowing supervised or unsupervised release into the community. Although he was eligible for work release, the Department had turned down Mr. Johnson's application, and assigned him to work as a janitor within the institution. We can easily distinguish that case from the present one, because even though Mr. Johnson was housed in a minimum security facility in the

company of other inmates who did participate in work release programs, he himself did not possess or exercise the privilege of release into the community.

Mr. Wheeler contends that his release into the community was not pursuant to a "program", as that term in the statute should be properly understood. But we believe the evidence indicates otherwise. During the hearing of this case, the State presented the deposition testimony of Stoney Ray Lane, former warden of Brushy Mountain State Penitentiary. Warden Lane testified that in 1978, he established an institutional pass program, which he described as one where, subject to his approval, "an employee could take an inmate that they knew well enough that they could trust into one of the communities for any kind of activity, be it a ball game, a movie, a football game, whatever."

Mr. Wheeler was released to attend the Globetrotters game pursuant to that program. Warden Lane testified that the program was a new one, and that no more than two or three dozen inmates had benefitted from it at the time of Mr. Wheeler's flight from custody. After his escape, the warden did not approve any more individual passes.

The record contains a document that recites the text of Public Chapter 794, followed by the sentence "[b]y my signature, I acknowledge that I have read and understood, or have had read to me and do understand, the provision of Public Chapter 794." At the bottom of the document is Mr. Wheeler's signature, the signature of a witness, Douglas Lowe, and the date

7/24/78.  At trial, Mr. Wheeler testified that he did not remember signing such a document, but upon examining it, he acknowledged the signature as his own.

The execution of such a document is a statutory requirement for enrollment in a program of the type discussed in Tenn. Code. Ann. § 40-28-123(b)(1), and its existence is persuasive evidence that the signatory was a participant in a program covered by the statute.  Therefore the chancery court did not err in determining "that Petitioner was assigned to a program of supervised release into the community at the time of his escape and Tenn. Code. Ann. § 40-28-123 does apply."

### III.  Constitutional Questions

Mr. Wheeler contends that he was entitled to serve his sentence under the law in existence at the time of his sentence, see Tenn. Code. Ann. § 40-35-117, and that under that law, he was entitled to parole eligibility after serving thirteen years and six months of his life sentence.  He argues that since the Department applied a statute enacted in 1978 to his 1973 sentence to his detriment, he is being subjected to an unconstitutional ex post facto law.

He also argues that the Department of Correction has violated the due process and double jeopardy guarantees of the Tennessee and United States Constitutions by applying Tenn. Code. Ann. § 40-28-123(b) to him, because it imposes a substantial additional penalty to either his 1973 life sentence or his 1981 felony sentences.

We do not agree with any of these arguments. We note at the outset that there is no constitutionally protected interest in parole, *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). Mr. Wheeler's interest in parole is confined to the proper application of the parole statutes. *See Wells v. Board of Paroles*, 909 S.W.2d 826 (Tenn. Ct. App. 1996).

We also note that the Founding Fathers found ex post facto laws to be repugnant not least because such laws do not furnish individuals with fair notice of the penalties which may result from their actions. That is not the situation before us.

The Department directs our attention to the reasoning in the case of *State ex rel York v. Russell*, 176 S.W.2d 820 (1944), which is highly relevant here. Mr. York was convicted of robbery in 1935, and received a sentence of "not less than "five and not more than ten years in the State penitentiary." In 1937, the legislature enacted a statute that provided that if a prisoner was convicted of committing a felony while on parole, he would have to serve the remainder of the maximum term of the sentence he was paroled from, before beginning to serve his sentence on the new felony. The current version of that statute is now found in our Code as Tenn. Code. Ann. § 40-28-123(a).

Mr. York was paroled in December of 1938. He was convicted of petit larceny in 1940, and received a one-to-five year sentence. He appealed the efforts of the state to apply the 1937 statute to him, arguing that it violated his

right against the application of ex post facto laws. The Supreme Court analyzed Mr. York's claim thusly:

> "[T]he incidence of the legislative act is not upon the conviction of 1935, but upon the parole of 1938, when the legislation was in full force and effect. When petitioner accepted his parole in 1938, and he might have refused it, he accepted it under all the legislative conditions then in force, and he must be presumed to have known them."

Similarly, the imposition of Tenn. Code. Ann. § 40-28-123(b) is on Mr. Wheeler's 1978 escape and subsequent felony convictions. If he had not committed those crimes, his parole eligibility date would have remained as it was when he was sentenced in 1973.

Tenn. Code. Ann. § 40-28-123(b) was in full force and effect when Mr. Wheeler was allowed supervised release into the community. He could have refused that release, but he accepted it, and there is evidence that he did so with knowledge of the consequences that could possibly follow if he escaped and committed subsequent crimes. He is not being penalized because the legislature has decided to increase the quantum of punishment for a previously committed crime (such an enactment would meet the definition of an ex post facto law). Rather, the penalties specified in Tenn. Code. Ann. § 40-28-123(b) are being imposed for a valid conviction of acts committed subsequent to the enactment of the statute.

For the same reason, the double jeopardy argument is also unavailing for Mr. Wheeler. He was validly convicted in 1973, and received a

life sentence.  The elimination of parole eligibility does not add to that sentence. It is, rather, an additional consequence of his 1981 convictions.

**IV**.

The judgment of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, Donnie Franklin Wheeler.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE