OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and respondents’ motion to dismiss denied.
On February 25, 1972, following his conviction of crimes committed in the State of California, petitioner was sentenced to serve a term of one year to life in prison. On or about December 5, 1972, petitioner was extradited to New York, where he was convicted of murder and sentenced to 25 years to life. Petitioner remained in the custody of the New York City Department of Correction until May 19, 1975 when he was returned to California to complete his sentence there.
Petitioner was paroled from his California sentence on September 19, 1977 and transferred to the custody of the New York City Department of Correction. He remained in its custody for 58 days prior to his transfer to the State Department of Correctional Services. At that time, the City Department of Correction calculated 58 days of jail time credit.
By letter to the City Commissioner of Correction dated December 1, 1998, petitioner requested a recalculation of his *872 jail time credit to account for the period of two and one-half years between 1972 and 1975 that he had spent in New York awaiting trial. The Commissioner did not respond to the letter. On February 22, 1999, by verified petition pursuant to CPLR article 78 against the City and State Commissioners, petitioner sought a recalculation of his jail time credit. The City Commissioner did not respond to the petition. The State Commissioner argues that the application is timely and seeks a remand for a determination of the merits of the application.
Correction Law § 600-a requires the City Commissioner to keep a record of the jail time to which a prisoner is entitled pursuant to Penal Law § 70.30 (3) which states that “the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.”
We reject the conclusion of the Appellate Division that the four-month period for bringing a CPLR article 78 proceeding (CPLR 217) began to run in 1977 when petitioner was returned from California and given 58 days of jail time credit. The calculation of jail time credit, pursuant to Correction Law § 600-a and Penal Law § 70.30 (3), involves a continuing, non-discretionary, ministerial obligation (see, Matter of Browne v New York State Bd. of Parole, 10 NY2d 116, 121-122). Where a person seeks to compel the performance of a purely ministerial act, such relief may be sought through a petition in the nature of mandamus to compel (see, Matter of Harper v Angiolillo, 89 NY2d 761, 765). Under those circumstances, the proceeding must be commenced within four months “after the respondent’s refusal, upon the demand of the petitioner * * * to perform its duty” (CPLR 217 [1]). Here, petitioner timely commenced this proceeding in February 1999 after he received no response to his December 1, 1998 letter requesting the City Commissioner to recalculate his jail time credit.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum; Judge Graffeo taking no part.
Order reversed, etc.

 Inclusion of only applications which were granted.