Bobby L. ROWLAND, Plaintiff/Appellant,

v.

Christine BRADLEY, Commissioner, Tennessee Department of Correction, Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 19, 1994.

Permission to Appeal Denied by Supreme Court Feb. 6, 1995.

Bobby L. Rowland, pro se.

Charles W. Burson, Atty. Gen. & Reporter, David F. Lewis, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

Inmate Bobby Rowland appeals from the dismissal of his petition by the Chancery Court of Davidson County. The appellant alleged that the application of Department of Correction rules to increase the proportion of his sentence that must be served before he is eligible for parole is a violation of his constitutional rights.

The Chancery Court dismissed his claim for lack of subject matter jurisdiction. We believe that the Court was correct in dismissing Mr. Rowland's claim, but feel that the more appropriate ground for dismissal is failure to state a claim upon which relief can be granted.

### I.

Appellant Bobby L. Rowland is an inmate in the custody of the Tennessee Department of Correction. By his own account, he was sentenced in 1986 to two concurrent twenty year terms of imprisonment for the crimes of rape and assault, after pleading guilty to both charges. As a Range I offender he was to be eligible for parole after serving 30% of his sentence. In 1988, he escaped. He was later apprehended, was convicted after a guilty plea to the crime of escape, and was sentenced to a one year term of imprisonment to run consecutively to his earlier convictions.

In accordance with the rules of the Department of Correction, Mr. Rowland's escape also triggered disciplinary proceedings that resulted in the extension of the parole eligibility date on his twenty year sentence so that he would not become eligible for parole until he had served 50% of his sentence, rather than the 30% that was imposed at the time of sentencing.

It is this extension of his parole eligibility date that Mr. Rowland objects to. He asserts that at the time of the plea agreement under which he plead guilty to the charges against him, he was not informed that his parole eligibility date could be extended beyond 30% of his sentence if his behavior in prison warranted it. Accordingly, he argues in broad conclusory terms that application of the Disciplinary Punishment Guidelines under which his parole eligibility date was extended constitutes "ex post facto law, cruel and unusual punishment, denial of due process, under the 8th and 14th Amendments, and violated the Tennessee Constitution of Article I, section 8...."

### II.

■ There is no constitutional right for a prisoner to be released prior to the expiration of a legally imposed sentence, so questions of parole dates or eligibility for parole consideration do not normally have a constitutional dimension. See *Rose v. Haskins*, 388 F.2d 91 (6th Circuit 1968), *MacKenna v. Avery*, 404 F.2d 71 (6th Circuit 1968).

Nothing in the record of this case indicates that Mr. Rowland received a sentence that differed in any respect from the terms of the plea agreement he entered into. The basis of Mr. Rowland's complaint is that he was not made aware prior to sentencing that the parole eligibility date for a Range I offender could be extended if he committed an escape or some other serious breach of discipline or of law. There is no proof in the record as to the content of any plea negotiation between the appellant and the prosecuting attorney. However, this court finds it hard to believe that a plea agreement must spell out all the possible consequences to a prisoner of his misbehavior while incarcerated in order to be valid.

The Chancellor did not reach this question, but construed Mr. Rowland's argument as a challenge to the length of his sentence, and accordingly concluded that the Chancery Court did not have subject matter jurisdiction to consider the merits of his claim.

### III.

■ Though there are no constitutional rights to parole, there may be statutory rights under certain circumstances to parole consideration. For example, in a recent case very much like the present one, this court ruled that a prisoner who was convicted of multiple felonies in 1971 could not have his parole eligibility date extended as a result of his 1990 escape. See *Gilbreth v. Bradley,* 1994 WL 514163 (Appeal No. 01–A–01–9402–CH–00083, filed September 21, 1994).

The court's decision in Gilbreth was compelled by a statute passed by the Tennessee Legislature which specifically excepted those whose crimes were committed prior to July 1, 1982 from the provisions of the Criminal Sentencing Reform Act of 1989. The statute, Tenn.Code Ann. § 40–35–117, provided that as to those persons, "prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." Prior law was harsher in some respects than was the Criminal Sentencing Reform Act of 1989, but it apparently did not include provisions for alteration of parole eligibility dates.

However, when Mr. Rowland was sentenced in 1986, and when he escaped in 1988, the Criminal Sentencing Reform Act of 1982 was in effect. That act did provide that individuals sentenced under its provisions could be made to wait longer before being eligible for parole consideration if they violated the rules of the Department of Correction.

The relevant portion of that act is Tenn. Code Ann. § 40–35–501(h) which in 1986 read in pertinent part:

"The release eligibility date provided for in this section shall be the earliest date a defendant convicted of a felony shall be eligible for release status; such date shall be conditioned on the defendant's good behavior while in prison. For a violation of any of the rules of the department of correction or the institution in which the defendant is incarcerated or while on any release program other than parole, the commissioner of correction or his designees, may defer the release eligibility date so as to increase the total amount of time a defendant must serve before becoming eligible for release status. This increase may, in the discretion of the commissioner, be in any amount of time not to exceed the full sentence originally imposed by the court . . . ."

### IV.

■ A prisoner retains his constitutional rights to due process, though the process that he is entitled to on questions of parole may differ from that which is due to one who has not yet been convicted, and who thus still enjoys the benefits of the presumption of innocence.

After Mr. Rowland filed his petition, the Assistant Attorney General filed a motion to dismiss for lack of subject matter jurisdiction. The motion to dismiss recites the following: "In support of this motion, Defendant relies upon the attached Memorandum of Law." No memorandum is included in the record on appeal. However, Mr. Rowland alleges that the memorandum relies upon unpublished opinions which he did not have access to, and that he was therefore at a disadvantage in fashioning a reply to the defendant's motion.

The appellant filed a "Motion to Strike Respondents Motion to Dismiss, or in the Alternative a Motion to Compel Respondents to Give Petitioner Copies of Uncited Opinion's (sic) Respondents are Citing in Their Motion." The Chancellor did not respond to this motion, but granted the State's motion to dismiss without referring to the question of the uncited opinions.

■ Rule 4 of the Supreme Court deals with the use of unpublished opinions in court proceedings. At Section 5 it states that: "(n)o opinion so designated shall be cited in any court unless a copy thereof shall be furnished to the court and to adversary counsel." If the allegations of the appellant are true, it was therefore error for the Chancel-

lor not to order the Assistant Attorney General to furnish the appellant with copies of the opinions he cited.

## V.

 Having examined the two opinions in question, *Holt v. McWherter*, No. 01–C–01–9201–CR–00095, Tenn.Crim.App.1993, 1993 WL 207649, and *Derzun v. Mathney*, No. 88–225–III Tenn.Crim.App.1989, 1989 WL 14155, we are satisfied that the Chancellor's omission did not constitute reversible error. In both of those cases, the Court of Criminal Appeals construed the petitioners' arguments as challenges to the length of valid sentences and ruled that the court therefore lacked subject matter jurisdiction. This is the very language that the chancery court adopted in its order disposing of this case.

 However, we have chosen to go beyond the question of jurisdiction, and to examine the allegations of the appellant under the standards of Tenn.R.Civ.P. 12.02(6). Such an examination "admits the truth of all relevant and material averments contained in the complaint" to determine whether any possible construction of the purported facts would entitle him to relief. See *Cornpropst v. Sloan*, 528 S.W.2d 188 (1975). Having found no such construction, we find that the appellant has failed to state a claim upon which relief can be granted.

## VI.

The trial court's dismissal of this case is affirmed, but under different grounds than those relied upon by the chancellor. Remand this case to the trial court for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.