**David A. TAYLOR, Plaintiff/Appellant,**

v.

**W. Jeff REYNOLDS, et al., Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section.

Aug. 16, 1995.
Permission to Appeal Denied by the Supreme Court Dec. 18, 1995.

David A. Taylor, Nashville, TN, pro se.

Charles W. Burson, Attorney General & Reporter, Christina S. Shevalier, Assistant Attorney General, Nashville, for plaintiff/appellee.

## OPINION

CANTRELL, Judge.

David A. Taylor, an inmate in the Tennessee prison system, appeals the dismissal of his Petition for Declaratory Judgment by the Chancery Court of Davidson County. Mr. Taylor asked the court to declare that the Department of Correction had acted improperly in increasing the proportion of his sentence that he must serve before becoming eligible for parole. We affirm the chancery court.

### I.

This is the second time that Mr. Taylor's petition has been brought to the attention of this court. The Chancery Court of Davidson County dismissed the petition on an earlier occasion because it was not brought within sixty days of the Department's refusal to issue a declaratory ruling in his favor. We reversed because we believed that under a proper interpretation of the Administrative Procedures Act, the sixty day deadline for appeals from an administrative agency's refusal to issue a declaratory order could only be imposed when the refusal followed a contested case hearing. See *Taylor v. Reyn-*

*olds,* Appeal No. 01–A–01–9401–CH–00016 (filed June 10, 1994).

After our remand to the chancery court in the earlier case, the State filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In his Memorandum and Order dismissing the petition for the second time, the chancellor stated that the chancery court lacked jurisdiction to hear the petition, because "disciplinary proceedings for prisoners under the Department of Correction are not considered 'contested cases' and therefore are excluded from review under the Uniform Administrative Procedures Act."

**II.**

Working from the briefs of the parties and the somewhat scanty record in this case, supplemented by examination of the record in Mr. Taylor's previous appeal, we have come across several inconsistencies and omissions, but we do not believe these affect the ultimate outcome. According to Mr. Taylor's brief, he was sentenced as the result of a plea bargain in 1988 to a twenty year sentence. However the Department of Correction printout that he has appended to his brief appears to indicate that a twenty-four year sentence was imposed in 1985. The State declined to include a Statement of the Facts in their briefs, reciting in justification for their omission that no hearing was held.

On or about May 28, 1990, Mr. Taylor escaped from custody. He was recaptured almost two years later. After a disciplinary hearing, the Department of Correction punished him by increasing the proportion of his sentence that he must serve before being eligible for parole, from 30% to 50%. It is this extension of his Release Eligibility Date (RED) that Mr. Taylor objects to.

■ The appellant claims that when he entered into his plea agreement, he was told that he would only have to serve 30% of his sentence, and that had he known he might have to serve more, he would not have entered into the agreement. However this court dealt with that same question in the case of *Rowland v. Bradley,* 899 S.W.2d 614 (Tenn.App.1995) and held that failure to spell out to a prisoner all the possible consequences of misbehavior during incarceration does not render a plea bargain invalid.

■ Mr. Taylor also argues that the judgment of the Disciplinary Board was invalid because of various irregularities in procedure, and because another prisoner who escaped from custody under similar circumstances was treated differently. The irregularities that he complains of—that the warden signed the judgment form the day before the disciplinary hearing occurred, that his Department of Correction record indicates that he was convicted of violation of institutional policy, rather than of escape—these do not, separately or collectively, rise to the level of a deprivation of substantive due process as the appellant contends that they do. Also, the fact that another prisoner may have received different treatment at the hands of the Disciplinary Board does not affect the validity of the judgment against Mr. Taylor.

**III.**

■ The only question we need ask is whether the penalty imposed on the appellant resulted from a lawful disciplinary proceeding. If it did, then it is not subject to review by the courts, and the chancellor was correct in dismissing the petition. See Tenn. Code Ann. § 4–5–106(b).

As part of the Criminal Sentencing Reform Act of 1982, the Legislature gave the Commissioner of Correction or his designees the authority to defer a prisoner's RED for violation of any of the rules of the Department of Correction. See Tenn.Code Ann. § 40–35–501(h). The RED may be deferred by any amount of time that would not exceed the full sentence originally imposed by the court. The penalty must be imposed in accordance with regulations promulgated by the Commissioner.

In the case of *Gilbreth v. Bradley,* Appeal No. 01–A–01–9402–CH–00083 (filed September 21, 1994), we held that a 20% increase in Mr. Gilbreth's RED date could not be considered to have resulted from a valid disciplinary proceeding, and that the chancery court was incorrect in holding that it did not have

jurisdiction over Mr. Gilbreth's petition under the Administrative Procedures Act. Our holding resulted from the operation of Tenn. Code Ann. § 40–35–117, which preserved the rights of those whose crimes were committed prior to July 1, 1982 to serve their sentences under the laws in effect at the time their crimes were committed, including the laws affecting parole. Mr. Gilbreth was sentenced in 1971. There is no indication that in the record that the crime for which Mr. Taylor was sentenced was committed before July 1, 1982.

Tennessee Department of Correction Policies define and classify the disciplinary offenses for which prisoners may be punished, prescribe the types and extent of punishment for each class of offense, and describe the disciplinary procedures that must be followed. According to the counsel to the Commissioner, Mr. Taylor was punished under Policy # 502.05 IV(C), which was in effect at the time of the prisoner's escape. The policy authorizes an increase of 20% in the RED of a prisoner who has escaped from custody. Mr. Taylor does not dispute that his punishment was imposed in accordance with the above-mentioned policy.

## IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.