CHARLES E. GREER,                    )
                                     )
        Plaintiff/Appellant,         )
                                     )        Appeal No.
                                     )        01-A-01-9604-CH-00150
VS.                                  )
                                     )        Davidson Chancery
                                     )        No. 95-3639-III
CORRECTIONS CORPORATION              )
OF AMERICA, et al.,                  )
                                     )
        Defendants/Appellees.        )

FILED

December 6, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR



CHARLES E. GREER, #003208
South Central Correctional Center
P. O. Box 279, X-D109
Clifton, Tennessee 38425-0279
        Pro Se/Plaintiff/Appellant

TOM ANDERSON
FRANKIE K. STANFILL
P. O. Box 900
Lexington, Tennessee 38351
        Attorneys for Defendants/Appellees




REVERSED AND REMANDED




                    BEN H. CANTRELL, JUDGE




CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

An inmate in a Tennessee prison operated by Corrections Corporation of America filed a complaint which alleged that prison guards employed by the corrections company had converted his personal property. The chancery court dismissed his complaint for failure to state a claim upon which relief can be granted. We reverse and reinstate the complaint.

## I.

Charles E. Greer was incarcerated at the South Central Correctional Center at Clifton Tennessee, a prison facility managed for the Tennessee Department of Correction by Corrections Corporation of America (CCA). On August 25, 1995, there was a general cell shakedown in the section of the prison where Mr. Greer was housed. During the search of his cell, Greer created a disturbance, and prison guards removed him from the unit and placed him in segregation. In accordance with CCA policy, Mr. Greer's personal property was packed up by the guards, and brought to him for observation four hours later.

Mr. Greer claimed that four items of what he calls his "religious jewelry" were missing from the property brought to him. He filed several claims for the missing property with CCA's internal affairs officer, but did not receive any satisfaction.

On November 20 1995, Mr. Greer filed a complaint in the Chancery Court of Davidson County. The complaint asserted that the property claim was brought pursuant to Tenn. Code Ann. § 28-3-105 (Section (2) of that statute establishes a three year limitations period for actions involving the detention or conversion of personal property) and that venue was proper in Davidson County

because that was where CCA has its headquarters and transacts its business. CCA and three guards who were involved in the search of Mr. Greer's cell were named as defendants. The complaint described the missing items in detail and ascribed a value to each one. The items were two gold necklaces and two gold rings, with a total value of $579.80.

The defendants did not file an answer to the complaint, but CCA filed a Motion to Dismiss. See Rule 12.02, Tenn. R. Civ. P. The grounds presented in the motion were that CCA could not be held liable for the plaintiff's loss under the theory of respondeat superior because it had no knowledge concerning the allegations contained in the complaint, and that the proper venue for the action was Wayne County, since all the other named defendants were employed in that county. The motion recites that a Memorandum of Law was being filed contemporaneously with it. However that memorandum has not been made a part of the record.

The chancery court held a hearing on the motion to dismiss on January 26, 1996. Since he was incarcerated, the plaintiff waived oral argument, but he submitted his own affidavit and that of another inmate to support his allegations. The chancellor's judgment was filed and entered on January 29, 1996. It reads as follows:

> The pleading filed by the plaintiff entitled "Property Claim Through Tort of Negligence and Ordinary Negligence," which relies upon a statute of limitation as its basis, does not state a claim upon which relief can be granted. Accordingly, the case is dismissed at the plaintiff's costs.

This appeal followed.

**II.**

- 3 -

A motion to dismiss for failure to state a claim upon which relief can be granted admits the truth of all the relevant facts alleged in the complaint, but asserts that such facts do not constitute a cause of action. *Rowland v. Bradley,* 899 S.W.2d 614 (Tenn. App. 1994). It seems clear to us that, although inartfully drawn, the plaintiff's complaint does state a claim for conversion of personal property.

Conversion is a common-law action of ancient origin for wrongfully taking possession and assuming control of another's property. *McCombs v. Guild, Church & Co.,* 77 Tenn. (9 Lea) 81 (1882); *McCall v. Owens*, 820 S.W. 2d 748 (Tenn App. 1991). It also lies where a defendant may have rightfully obtained possession of the property of the owner, but wrongfully refuses to return it to the owner when legally required to do so. *Crocket & Woodson v. Beaty*, 27 Tenn. (8 Hum.) 20 (1847); *Gribble v. Buckner*, 730 S.W.2d 630 (Tenn. App. 1986).

Respondeat Superior is a legal doctrine, also of ancient origin, whose Latin name means "Let the Master Answer." Blacks Law Dictionary, Fourth Edition, (1957). It enables a plaintiff to hold a master or employer liable for the wrongful acts of its servants or employees, when those acts are done in the scope and course of the wrongdoer's employment. *Craig v. Gentry,* 792 S.W.2d 77 (Tenn. App. 1990). *Parker v. Vanderbilt University*, 767 S.W.2d 412 (Tenn. App. 1988). There is no requirement that the employer be aware of his agent's wrongful acts in order to be held liable, *Youngblood v. Wall*, 815 S.W.2d 512 (Tenn. App. 1991).

CCA has not denied that the guards named in the lawsuit are or were its employees, nor that they were acting in the course of their employment when they collected the property from the plaintiff's cell.

CCA argues on appeal that the decision of the trial court is entitled to considerable deference, and that "judgments supported by some competent, credible

- 4 -

evidence going to all the essential elements will not be reversed by a reviewing court as against the manifest weight of the evidence." While this may be true, a judgment of dismissal for failure to state a claim upon which relief can be granted is not based on the presentation of evidence but on the pleadings alone. There is no indication in the chancellor's order that he considered any matters outside the pleadings. Thus the presumption of correctness that normally accompanies the findings of a trier of fact does not apply in this case.

### III.

The judgment of the trial court is reversed. Remand this cause to the Chancery Court of Davidson County for further hearing and for other proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE