ROBERT L. OGBURN,                    )
                                     )
        Petitioner/Appellant,        )
                                     )
                                     )    Appeal No.
                                     )    01-A-01-9707-CH-00284
VS.                                  )
                                     )
                                     )    Davidson Chancery
                                     )    No. 96-1806-I(II)
TENNESSEE DEPARTMENT OF              )
CORRECTION, ET AL.,                  )
                                     )
                                     )
        Respondents/Appellees.       )

FILED

**January 14, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. MCCOY, CHANCELLOR

ROBERT L. OGBURN
Cold-Creek Correctional Facility
B-3, Cell #38
Post Office Box 1000
Henning, Tennessee 38041-1000
        Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

JOHN R. MILES
Assistant Attorney General
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
        Attorney for Respondents/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCURS:
TODD, P.J., M.S.

DISSENTS:
KOCH, J.

# O P I N I O N

An inmate in the Tennessee prison system sought a declaratory judgment that the Tennessee Department of Correction's Policy 502.02 was unconstitutional and that it was also unenforceable because it was not promulgated according to the Administrative Procedures Act. The Chancery Court of Davidson County dismissed the petitioner's claims. We affirm.

## I.

In May of 1989 Robert L. Ogburn received a sentence of thirteen years in the state prison for robbery and first degree burglary. He was paroled in April of 1991 but was returned to prison in May of 1993 for violating his parole. In that same month he received an additional sentence of twenty years for offenses committed while on parole. His new release eligibility date (RED) became July 4, 2000. On February 13, 1995, Mr. Ogburn was charged with assaulting an officer in prison. After a hearing, the institutional disciplinary board found Mr. Ogburn guilty and, pursuant to Department of Correction Policy 505.02, extended his RED by thirty percent.

The Department of Correction rejected Mr. Ogburn's petition for a declaratory order that Policy 502.02 was invalid, and he filed this action in the Chancery Court of Davidson County pursuant to Tenn. Code Ann. § 4-5-224. His contentions are (1) that the policy was not adopted according to the Uniform Administrative Procedures Act, (2) that the policy is an ex post facto law, (3) that the policy subjects him to double jeopardy, and (4) that the hearing before the disciplinary board violated his rights to due process. The chancery court addressed these issues and found them all to be without merit.

## II.

### The Validity of Policy 502.02 as a Rule
### under the Uniform Administrative Procedures Act

We have held on three different occasions that the Department of Correction's policies affecting the custody and control of inmates need not be promulgated as rules under the Uniform Administrative Procedures Act. *Green v. Department of Correction*, No. 01-A-01-9110-CH-00352 (Tenn. Ct. App. filed Nashville Jan. 31, 1992); *Hitson v. Bradley*, No. 01-A-01-9403-CH-00129 (Tenn. Ct. App. filed Nashville Aug. 12, 1994); *Mandela v. Campbell*, No. 01-A-01-9607-CH-00332 (Tenn. Ct. App. filed Nashville Dec. 20, 1996). The issue is not free of doubt, because the Supreme Court denied permission to appeal in *Green*, concurring only in the result, and granted permission to appeal in *Mandela,* where the case is still pending. We are satisfied, however, to follow our prior cases and overrule the petitioner's contention on this issue.

## III.

## Ex Post Facto

This issue has also been before this court on prior occasions. In *Rowland v. Bradley*, 899 S.W.2d 614 (Tenn. App. 1994), and *Blankenship v. Campbell*, No. 01-A-01-9603-CH-00099 (Tenn. Ct. App. filed Nashville June 26, 1996), we held that the statutory predicate for Policy 502.02 (Tenn. Code Ann. § 40-35-501(h)) did not violate the ex post facto provisions of the United States Constitution, and in *Blankenship*, we specifically held that policy 502.02 was not an ex post facto law. "An ex post facto law imposes punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Blankenship* at *2 (quoting *Weaver v. Graham*, 450 U.S. 24 (1991). Because 502.02 did not retroactively inflict a greater punishment on the inmate than was provided for in his original sentence, we held that it was not an ex post facto law. We adhere to that conclusion.

## IV.

### Due Process and Double Jeopardy

- 4 -

Although Mr. Ogburn alleged that he has been subjected to double jeopardy and that his due process rights have been violated, he does not allege any facts to support his conclusion. The trial judge addressed the due process claim and pointed out that Mr. Ogburn does not assert that he was deprived of notice, a hearing, the right to be present, nor the right to produce evidence on his own behalf. Therefore he has not stated a claim based on a lack of due process.

Double jeopardy involves being tried again for an offense for which the accused has previously been convicted or acquitted. *Bell v. State*, 423 S.W.2d 482 (Tenn. 1968). Mr. Ogburn has not previously been tried on the assault committed in prison. The assault did not result in lengthening the sentence which he was serving at the time of the breach of the prison's rules. The disciplinary action simply resulted in an extension of his RED.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

DISSENTING OPINON:
WILLIAM C. KOCH, JR., JUDGE

- 5 -

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

ROBERT L. OGBURN,              )
                              )
        Petitioner/Appellant,   )
                              )     Appeal No.
                              )     01-A-01-9707-CH-00284
VS.                            )
                              )     Davidson Chancery
                              )     No. 96-1806-I(II)
TENNESSEE DEPARTMENT OF        )
CORRECTION, ET AL.,           )     Affirmed and
                              )     Remanded
        Respondents/Appellees.  )

## J U D G M E N T

This cause came on to be heard upon the record on appeal from the Chancery Court of Davidson County, and briefs of the parties; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree is affirmed. The cause is remanded to the Chancery Court of Davidson County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against David L. Ogburn, for which execution may issue if necessary.

ENTER _____.

_____
HENRY F. TODD, PRESIDING JUDGE

_____
BEN H. CANTRELL, JUDGE