# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

February 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

ROBERT EARL SMITH,               )
                                 )
    Petitioner/Appellant,        )
                                 )  Appeal No.
                                 )  01-A-01-9804-CH-00201
VS.                              )
                                 )  Davidson Chancery
                                 )  No. 97-3755-I
DONAL CAMPBELL,                  )
COMMISSIONER,  DEPARTMENT        )
OF CORRECTION,                   )
                                 )
    Respondent/Appellee.         )

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

ROBERT EARL SMITH, #117519
P. O. Box 1000
Henning, Tennessee 38041-1000
    Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

STEPHANIE R. REEVERS
Senior Counsel
425 Fifth Avenue North
Nashville, Tennessee 37243
    Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# O P I N I O N

The Department of Correction extended the Release Eligibility Date of an inmate by 30% on two occasions, following two incidents in which he assaulted correctional officers. The inmate filed a petition asking the court to issue a declaratory judgment that the Department had violated the constitutional prohibition against ex post facto laws by extending his Release Eligibility Date. The trial court dismissed the petition. We affirm.

I.

On July 27, 1987, Robert Earl Smith pled guilty to murder in the second degree and assault with intent to commit murder. For those crimes, he was sentenced to forty years in the penitentiary. On January 9, 1991, he was found guilty of assaulting a correctional officer, and his Release Eligibility Date (RED) was extended by 30%. On July 29, 1991, he was found guilty of assaulting a different correctional officer, and his RED was extended an additional 30%.

Mr. Smith then filed a petition for a declaratory order with the Tennessee Department of Correction, pursuant to Tenn. Code Ann. § 4-5-223, claiming that the Department could not extend his RED, because such an action violated the prohibition against ex post facto laws found in the U.S. and Tennessee Constitutions. The Department declined to grant him the requested order.

On November 13, 1997, Mr. Smith filed a petition for declaratory judgment in the Davidson County Chancery Court. *See* Tenn. Code Ann. § 4-5-224. The Department filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted. Tenn.R.Civ.P. 12.02(6). The chancellor granted the Department's motion, finding that it had not violated the ex post facto prohibition by changing Mr. Smith's RED. This appeal followed.

## II.

Mr. Smith's argument on appeal is simply that the regulation the Department used to extend his RED was not promulgated until after his 1987 conviction, and that it therefore cannot be applied to him. The chancellor found this argument to be without merit, and we agree. At the time Mr. Smith was convicted, Tenn. Code Ann. § 40-35-501 was in effect. That statute provided in part that:

> (h) the release eligibility date provided for in this section shall be the earliest date a defendant convicted of a felony shall be eligible for release status; such date shall be conditioned on the defendant's good behavior while in prison. For a violation of any of the rules of the department of correction or the institution in which the defendant is incarcerated, or while on any release program other than parole, the commissioner of correction or his designees, may defer the release eligibility date so as to increase the total amount of time a defendant must serve before becoming eligible for release status. This increase may, in the discretion of the commissioner, be in any amount of time not to exceed the full sentence originally imposed by the court and shall be imposed pursuant to regulations promulgated by the commissioner of correction and which give notice of the length of discretionary increases that may be imposed for a violation of each of the rules of the department or institution . . . . [Acts 1982, ch. 868, §1]

Mr. Smith's RED was extended pursuant to Department of Correction's Disciplinary Punishment Guidelines, found in its Rule #502.02. The version of that rule in effect at the time of the two assaults had an effective date August 1, 1990. It states in relevant part:

> In all cases in which an inmate is found guilty of a disciplinary offense that resulted in physical injury to an employee, volunteer or visitor, in addition to any other punishment imposed, the offender's parole or release eligibility date shall be extended by adding thereto an additional thirty percent (30%) of the offender's original maximum sentence, or by extending the inmate's parole or release eligibility date to the sentence expiration date, whichever is less.

The disciplinary reports appended to Mr. Smith's petition indicate that in both cases Mr. Smith was found to have struck correctional officers more than once, and that the officers did sustain injuries.

### III.

The United States Constitution, Article 1, § 10, forbids the states from passing any ex post facto laws. The Tennessee Constitution, Article 1, § 11 contains a similar prohibition. An early decision of the United States Supreme Court, *Calder v. Bull*, 3 U.S. [3 Dall.] 386 (1798), laid down four broad classifications of ex post facto laws, which have frequently been cited in discussions of the ex post facto clause by the courts of this state, more or less as follows:

> 1. A law which provides for the infliction of punishment upon a person for an act done which, when it was committed, was innocent.
> 2. A law which aggravates a crime or makes it greater than when it was committed.
> 3. A law that changes punishment or inflicts a greater punishment than the law annexed to the crime when it was committed.
> 4. A law that changes the rules of evidence and requires less or different testimony than was required at the time of the commission of the offense in order to convict the offender.

*Miller v. State* 584 S.W.2d 758, 761 (Tenn. 1979). *See also Kaylor v. Bradley,* 912 S.W.2d 728 (Tenn. App. 1995). A simpler explanation, derived from a more recent case, is that an ex post facto law "changes the punishment, and inflicts a greater punishment than the law annexed to the crime when committed." *Weaver v. Graham*, 450 U.S. 24 (1981).

The principle on which the ex post facto prohibition is based is one of fairness -- the notion that persons have a right to fair warning of the conduct that will

give rise to criminal penalties, *Marks v. United States*, 430 U.S. 188 (1977), and it goes without saying, of the severity and nature of the possible penalties involved.

In the present case, Mr. Smith's eligibility for release was made contingent upon his good behavior from the very moment of sentencing, and the Commissioner had the discretion to defer that eligibility for any violation of the Department's rules. Tenn. Code Ann. § 40-35-501, supra. Thus "the law annexed to the crime" committed by Mr. Smith, already included the possibility of the punishment that was in fact imposed.

Even if, as Mr. Smith asserts, the specific rule that the Department used to extend his RED was not in effect at the time he was sentenced, it was certainly in effect at the time he assaulted the correctional officers. Thus, Mr. Smith cannot argue that he did not have fair warning of the possible consequences of an assault.

Finally, we know of no case which holds, or even implies, that a prisoner has a vested right not to be subjected to disciplinary rules that were put into effect after he was sentenced. Such a holding would destroy the possibility of maintaining consistent discipline in our prisons, for a different set of rules would apply to each prisoner, and prison administration would collapse under the crushing burden of differential enforcement.

## IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE