IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## DON WILLIAMS v. DONAL CAMPBELL

**Appeal from the Chancery Court for Davidson County**
**No. 00-755-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M2000-01821-COA-R3-CV - Filed June 21, 2001**

---

A prison disciplinary board extended the release eligibility date of an inmate, after finding him guilty of assaulting a guard. He filed a petition for writ of certiorari which challenged the method used by the Department of Correction to calculate his new release eligibility date. The trial court dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Don Williams, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.

Don Williams came into the custody of the Department of Correction on May 12, 1992, when he was convicted of voluntary manslaughter. Mr. Williams received a sentence of ten years. On July 31, 1997, he was convicted of another felony, and he received a three year sentence to run consecutively to the ten year sentence.

On December 20, 1998, Correctional Officer David Janow strip searched Mr. Williams after he returned from the visiting gallery. Mr. Williams was holding a bag of cocaine in his mouth, and when Officer Janow asked him to open his mouth, Mr. Williams spit the bag into the commode, and attempted to flush it away. The officer tried to prevent this, and was injured in the ensuing struggle.

On December 22, 1998, a three member panel of the prison's disciplinary board conducted a hearing on the incident. The Board found Mr. Williams guilty of an assault on a staff member that resulted in serious injury, and extended his release eligibility date (RED) by two years, one month, and five days. The Policies and Procedures of the Department of Correction, #502.02(IV)(E), authorize the Disciplinary Board to extend a prisoner's RED by up to 30% of the total length of his sentence if he is found guilty of a disciplinary offense resulting in physical injury to any person. It is unclear how the Board arrived at the exact extension it did.

Mr. Williams appealed the Disciplinary Board's action to the warden. He claimed that the strip search was not done in conformity with the procedures set out in the Policy and Procedures Manual, and that he was not trying to injure the officer, but just to retrieve the cocaine. The warden affirmed the conviction on December 31, 1998. Mr. Williams subsequently filed a petition for declaratory order with the Department of Correction, which was denied in a letter dated February 8, 2000.

On March 9, 2000, Mr. Williams filed a "Petition for a Writ of Common Law Certiorari" in the Chancery Court of Davidson County. In paragraphs three and four of his petition, he recounted the filing and the denial of his petition for declaratory order. Mr. Williams claimed that he completed his ten year sentence in December of 1998, and was serving his three year sentence at the time of his disciplinary conviction, that the disciplinary board used part of the expired ten year sentence to calculate the extension of his RED, and that elementary math would preclude a result of 2 years, 1 month and five days when calculating 30% of a three year sentence.

On April 27, 2000, the Department filed a "Motion to Dismiss or for Summary Judgment," accompanied by a certified copy of Mr. Williams' disciplinary records, and the affidavit of Faye Claud, Manager of Sentence Information Services for the Tennessee Department of Correction. The affidavit states that "[t]he RED extension was modified, effective April 13, 2000, per approval of Assistant Commissioner Jim Rose, from 2 years, 1 month and 5 days, to 30% of the original maximum sentence." It is not clear from the affidavit whether the "original maximum sentence" refers to Mr. Williams' original sentence of ten years, or to a maximum sentence of thirteen years, resulting from the addition of the ten year sentence and the consecutive three year sentence. But as we discuss below, the Disciplinary Board's action has become moot.

Mr. Williams filed an "Answer to Motion to Dismiss," to which the Department replied, submitting another affidavit by Faye Claud, which contained updated information on Mr. Williams' offenses and sentences:

> 3. The sentence structure is sixteen years - based on a string of consecutive sentences, calculated as follows:
>
> Hamilton County case #188654, imposed May 12, 1992 - sentence 10 years.
> Hamilton County case # 215393, imposed July 31, 1997 - sentence 3 years, consecutive to prior sentence, beginning February 23, 1999 the expiration of case #188654.

Bledsoe County case #571999, imposed January 26, 2000 - sentence 3 years, consecutive to case #215393. This latest crime was committed December 20, 1998, while assigned to minimum trusty security status, therefore, the parole dates for cases 188654 and 215393 were lost per TCA 40-28-123(b)(1).

4. The current release eligibility date (RED) is January 18, 2003; and, the current expiration date is February 23, 2005. These dates may reduce each month that sentence credits are earned and retained.

On June 29, 2000, the trial court filed a "Memorandum and Order" dismissing Mr. Williams' petition, on a determination that he was not entitled to the relief of either a writ of certiorari or a declaratory judgment. This appeal followed.

**II**.

The Uniform Administrative Procedures Act (UAPA), Tenn. Code. Ann. § 4-5-101 et seq., sets out contested case procedures for challenging certain decisions of state government administrative bodies. These procedures include declaratory proceedings, "in which the rights, duties or privileges of a party are required by any statute or constitutional provision to be determined by an agency after an opportunity for a hearing . . . ." Tenn. Code. Ann. § 4-5-102(3).

Declaratory proceedings would thus appear to be an appropriate way to deal with this case, if it were not for the fact that Tenn. Code. Ann. § 4-5-106 specifically excludes "disciplinary proceedings for inmates under the supervision of the Department of Correction" from the contested case provisions of the UAPA.

Our courts have been slow on occasion to recognize the inapplicability of the UAPA to prison disciplinary proceedings. See, for example, *Smith v. Donal Campbell*, 995 S.W.2d 116 (Tenn. Ct. App. 1999). However, several of our cases have specifically stated that a petition for writ of certiorari is the only proper vehicle for appealing the actions of a prison disciplinary board. *Rhoden v. State Dept. of Correction*, 984 S.W.2d 955 (Tenn. Ct. App. 1998); *Bishop v. Conley*, 894 S.W.2d 294 (Tenn. Crim. App. 1994).

The writ of certiorari is limited in scope; it does not examine the intrinsic correctness of the Board's decision, but only covers an inquiry into whether the Board has exceeded its jurisdiction or has acted illegally, fraudulently or arbitrarily. *See Powell v. Parole Eligibility Review Board*, 870 S.W.2d 871 (Tenn. Ct. App.1994). The writ is also governed by statutory time constraints. A petition for the writ must be filed within sixty days from the entry or order complained of. Tenn. Code. Ann. § 27-9-102. Failure to file the petition within the sixty day period deprives the court of jurisdiction over the matter. *Fairhaven Corporation v. Tennessee Health Facilities Commission,* 566 S.W.2d 885 (Tenn. Ct. App. 1976).

The Department of Correction has instituted procedures for internal appeal of the decisions of the Disciplinary Board to the warden, and in certain cases, to the commissioner. *See*

#502.01(VI)(F), Policies and Procedures of the Department of Correction. The record indicates that Mr. Williams followed those procedures by filing an appeal with the warden, who affirmed the decision of the Board. If we take the warden's affirmance of December 31, 1998 as the order being appealed from, then the petition of March 9, 2000 has to be considered untimely.

If, however, we deem his petition for declaratory order to be the final step in the grievance process, as Mr. Williams urges us to do, then the denial of that petition on February 8, 2000 would be the order appealed from, and the petition for writ of certiorari would not be untimely. Mr. Williams argues that we should grant him this indulgence because he just followed procedures recommended by others, and because he "is a layman totally ignorant of the law and proper legal form." Our courts generally give pro se plaintiffs greater latitude than represented plaintiffs when dealing with errors of legal form. See, for example, *Jackson v. Aldridge* 6 S.W.3d 501 (Tenn. Ct. App. 1999). This does not mean that the courts can assume jurisdiction over a case where that jurisdiction has been lost as a matter of law.

In this case, however, even if we found that Mr. Williams filed his petition within the sixty day time limit, we believe he still would not be entitled to the relief he seeks. Ms. Claud's affidavits are not refuted by Mr. Williams, and they demonstrate to us that all the questions related to his parole eligibility are either without merit or have become moot.

For example, the modification of the RED extension reported in Ms. Claud's first affidavit supercedes the action of the Disciplinary Board. Therefore a review of the Board's action would avail nothing. In addition, because he committed a crime while serving the three year sentence, his RED has necessarily changed. *See* Tenn. Code Ann. § 40-28-123(b)(1). Any argument that the Disciplinary Board miscalculated his RED based on the circumstances that existed in 1998 is an argument about a moot point.

### III.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Don Williams.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.