IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

# THOMAS DYER v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 01-885-I     Irvin H. Kilcrease, Jr., Chancellor**

_____

**No. M2001-01446-COA-R3-CV - Filed September 5, 2002**

_____

The release eligibility date of a prisoner was extended by 30% after he assaulted a correctional employee. The prisoner petitioned for judicial review of the extension, arguing that it amounted to an unconstitutional violation of the ex post facto prohibition, double jeopardy, and separation of powers. The trial court dismissed his petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J., joined. WILLIAM C. KOCH, JR., J., filed a concurring opinion.

Thomas Dyer, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Dawn Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.  A DISCIPLINARY INFRACTION

Thomas Dyer was convicted of burglary and grand larceny in 1985, smuggling of contraband in 1986, and felony escape in 1990. He received separate sentences of imprisonment for each offense. On May 17, 1993, he came before the prison disciplinary board for assault on a staff member, and was convicted of the violation. As a consequence, the Release Eligibility Date (RED) on all his offenses was extended 30%.

On March 21, 2001, Mr. Dyer filed a petition in the Chancery Court of Davidson County, which he styled as a Petition for Judicial Review/Declaratory Judgment/Petition for Common Law Writ of Certiorari. He contended that the Department of Correction had exceeded its jurisdiction and acted illegally by extending the RED for his 1985 and 1986 offenses. He alleged that the policy that

allowed the Department to extend the time he had to serve before becoming eligible for release was enacted in 1989, and that it therefore was a violation of the ex post facto prohibition to apply it to offenses committed before that date.

The Department filed a motion to dismiss on April 17, 2001, for failure to state a claim for which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6). Mr. Dyer's response to the motion added allegations that the extension of his RED also violated his rights against double jeopardy, and that Tenn. Code Ann. § 40-35-501 and Tennessee Department of Correction Policy #502.02 (which authorize extensions to an inmate's RED) violate the separation of powers doctrine. *See* Tennessee Constitution Art. 2, § 2.

On May 24, 2000, the trial court dismissed the petition in its entirety. The chancellor found that the petition was not timely filed, and that in any case the Department had acted pursuant to its authority to defer an inmate's RED for violation of any of the rules of the Department of Correction. *See* Tenn. Code Ann. § 40-35-501(k). This appeal followed.

## II. TIMELINESS AND JURISDICTION

As the chancellor correctly observed, Tenn. Code Ann. § 27-9-102 requires that a petition for writ of certiorari be filed no later than sixty days from the date of the administrative action of which the petitioner complains. Failure to file within the statutory time limit results in the decision becoming final, which deprives the court of jurisdiction. *See Fairhaven Corporation v. Tennessee Health Facilities Commission,* 566 S.W.2d 885 (Tenn. Ct. App. 1976). The action that was challenged in this case occurred on May 17, 1993. The petition for certiorari was not filed until almost seven years later. It was clearly untimely.

We note also that two types of declaratory judgment actions have been recognized by our Legislature. The Declaratory Judgment Act, Tenn. Code Ann. § 29-14-102, has been held not to apply to suits against state entities such as the Tennessee Department of Correction. *See Watson v. Tennessee Dept. Of Correction,* 970 S.W.2d 494 (Tenn. Ct. App. 1998). A party may petition the court for a declaratory judgment against a state agency under the Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, et seq., but only if the complainant has first petitioned the agency for a declaratory order, and the agency has refused to issue such an order. *See* Tenn. Code Ann. § 4-5-225. There is nothing in the record to indicate that Mr. Dyer petitioned the Department of Correction for a declaratory order. Thus, whether we consider his petition to be one for a writ of certiorari or for a declaratory judgment, it is clear that he is not entitled to relief.

## III. CONSTITUTIONAL QUESTIONS

Mr. Dyer argues that a constitutional question can be raised at any time. That is not quite correct. It would be more accurate to say that normal procedural rules may sometimes be relaxed when a complaining party demonstrates that a challenged statute or rule is facially unconstitutional. *See Caldwell v. State,* 917 S.W.2d 662 (Tenn. 1996); *Richardson v. Tenn. Board of Dentistry*, 913

S.W.2d 446 (Tenn. 1995). Even though neither Tenn. Code Ann. § 40-35-501 nor Tennessee Department of Correction Policy #502.02 appear to be facially unconstitutional, we will briefly address the constitutional issues raised by the petitioner.[1]

## A. EX POST FACTO CONCERNS

Mr. Dyer contends that he is entitled to serve each of his sentences in accordance with the laws in effect at the time of sentencing, and that because of the constitutional prohibition against ex post facto laws, his 1985 and 1986 sentences could not be altered by a Department of Correction regulation that was enacted in 1989. It is beyond dispute that a law that inflicts a greater punishment than the law attached to the crime when it was committed would be an ex post facto violation. *See State v. Wyrick,* 62 S.W.3d 751 (Tenn. Crim. App. 2001); *Wheeler v. Tennessee Dept. of Correction,* 36 S.W.3d 824 (Tenn. Ct. App. 2000); *State v. Rogers* 992 S.W.2d 393 (Tenn. 1999); *Kaylor v. Bradley*, 912 S.W.2d 728 (Tenn. Ct. App. 1995).

We note, however, that as part of the Criminal Sentencing Reform Act of 1982, the Tennessee Legislature provided that a prisoner's release eligibility date may be deferred at the discretion of the Commissioner, for a violation of any of the rules of the Department of Correction, with two limitations: The extension must not exceed the full sentence originally imposed by the court, and it must be imposed pursuant to regulations which give notice of the length of discretionary increases that may be imposed for a violation of each of the rules of the Department. *See* Tenn. Code Ann. § 40-35-501(k).

The ex post facto prohibition is based on considerations of basic fairness. It was established to ensure that individuals receive fair notice that certain behavior is unlawful, as well as the consequences of engaging in such behavior. Tenn. Code Ann. § 40-35-501 was enacted three years before Mr. Dyer's first offense. Thus, he should have been aware that his RED could be extended, depending on his conduct in prison. He acknowledges that Rule 502.02 was first promulgated in 1989, four years before his 1993 assault, and he does not dispute that it authorizes the Department to extend an inmate's RED up to 30% of his maximum sentence for the violation of certain rules. There is clearly no ex post facto violation here.

## B. DOUBLE JEOPARDY

Mr. Dyer argues that Tenn. Code Ann. § 40-35-501 authorizes multiple punishments for the same offense, and that this constitutes double jeopardy. He notes that escape and assault may be prosecuted in the criminal courts, and be the subject of disciplinary proceedings as well. The petitioner appears to lack standing to raise this issue, since his prior conviction for escape is not at

---

[1] We note that this court has previously upheld both Tenn. Code Ann. § 40-35-501 and Tennessee Department of Correction Policy #502.02 against constitutional challenge. *See Smith v. Campbell*, 995 S.W.2d 116 (Tenn. Ct. App. 1999); *Ogburn v. Tennessee Dept. of Correction*, 983 S.W.2d 677 (Tenn. Ct. App. 1998).

issue in this case, and he does not allege that attempts were made to prosecute him criminally for his 1993 assault.

In any event, this issue has been litigated many times, and our courts have always reached the same conclusion. Disciplinary proceedings that do not lengthen the sentence a prisoner was serving at the time he breached the prison's rules are essentially administrative in nature. They are not in conflict with proceedings in the criminal courts which can result in a new conviction and new sentence for the defendant, even when the same conduct is the subject of both proceedings. *See Ogburn v. Tennessee Dept. of Correction*, 983 S.W.2d 677 (Tenn. Ct. App. 1998); *Ray v. State*, 577 S.W.2d 681 (Tenn. Crim. App. 1978); *State ex rel. Turner v. Gore*, 175 S.W.2d 317 (Tenn. 1943).

## C. SEPARATION OF POWERS

Mr. Dyer's separation of powers argument is based entirely upon a case from the Ohio Supreme Court, *State ex rel Bary v. Russell*, 729 N.E.2d 359 (Ohio 2000). In that case, the court found that an Ohio statute would allow that state's parole board to extend the length of an inmate's incarceration beyond the original judicially-imposed sentence. The court found this to be an encroachment upon the judicial power by the executive, and thus a violation of the separation of powers mandated by the Ohio constitution.

Even if we put aside the fact that in this case we are not dealing with Ohio statutes or the Ohio constitution, we find Mr. Dyer's situation to be quite different. The disciplinary board extended the amount of time he had to remain incarcerated <u>within his original sentence</u> before becoming eligible for release. It did not extend the length of his sentence, but changed one of the conditions under which it was to be served. The change was within both the parameters of a statute in effect at the time of his conviction, and the executive power to regulate discipline within the state's prisons. The separation of powers argument is without merit.

## IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Thomas Dyer.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-4-